1 | C. DONALD AMAMGBO, ESQ. (SBN 164716)
  | ALIEU ISCANDARI, ESQ, (SBN 184307
2 | DANIEL ETOH, ESQ. (SBN 236563)
  | NICK AGBO, ESQ (SBN 236523)
3 | **AMAMGBO & ASSOCIATES**
  | A Professional Law Corporation
4 | 7901 Oakport Street, Suite
  | Oakland, CA 94621
5 | Telephone:   (510) 615-6000
  | Facsimile:   (510) 615-6025
6 | Email:       Donald@Amamgbolaw.com

7 | Attorneys for Plaintiff,
  | PASTOR WALTER HUMPHREY

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASTOR WALTER HUMPHREY ) | **CASE NO. CO7-02790   JL** |
| Plaintiff ) | |
| ) | COMPLAINT FOR |
| v. ) | |
| ) | **2.  Breach of Contract;** |
| ) | **2.  Breach of Covenant of Good Faith;** |
| ) | **and Fair Dealing;** |
| ) | **3.  Wrongful termination;** |
| ) | **4.  Violation of Labor Code Sections 206.(a),** |
| 1.  PRINCE OF PEACE BAPTIST ) | **2802(a), 2926;** |
| CHURCH ) | |
| 2.  DOES 1-25 ) | |
| Defendants ) | |
| _____ ) | |
| ) | |

**TABLE OF CONTENT**

| | | Page |
|---|---|---|
| I. | JURISDICTION | 3 |
| II. | PARTIES | 3 - 4 |
| III. | FACTUAL ALLEGATIONS | 4 - 5 |
| IV. | CAUSES OF ACTION | 5 - 9 |
| | **FIRST CAUSE OF ACTION** (Breach of Contract) | 5 - 6 |
| | **SECOND CAUSE OF ACTION** (Breach of Covenant of Good Faith and Fair Dealing) | 6 - 7 |
| | **THIRD CAUSE OF ACTION** (Wrongful Termination) | 7 - 8 |
| | **FOURTH CAUSE OF ACTION** (Violation of Labor Code Sections 206(a), 2802(a), 2926) | 8 - 9 |
| V. | PRAYERS FOR RELIEF | 9 |

Plaintiff, PASTOR WALTER HUMPHREY, (hereinafter "PASTOR HUMPHREY") on his behalf seek relief for damages for breach of contract, breach of covenant of good faith and fair dealing, wrongful termination, and Violation of Labor Code Sections 206(a), 2802(a), 2926 and complain and allege on information and belief as follows:

## I. JURISDICTION

1. This court has subject matter jurisdiction over this matter by reason of diversity pursuant to 28 U.S.C. §1332 and the amount in controversy exclusive of interest and cost is over $10,000.00.

2. This honorable court has subject matter jurisdiction and venue is proper because the contract in controversy was negotiated and entered into in Oakland California.

3. Additionally, Venue in this district is proper under 28 U.S.C. § 139(a) and (c).

## II. PARTIES

**(a)  Plaintiff**

4. Plaintiff PASTOR HUMPHREY at all times relevant to this action is an individual who resides in Oakland, Alameda County, in the State of California.

**(b)  Description of Defendants**

5. PRINCE OF PEACE BAPTIST CHURCH (hereinafter "DEFENDANT") at all relevant times herein, were located at 844 Garth Avenue, Akron, Ohio 44320.

**(c)  Doe Defendants**

6. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their names and capacities when ascertained.

7. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as DOES are legally responsible in some manner for the occurrences alleged in this complaint, and unlawfully caused the injuries and damages to Plaintiffs as alleged in this complaint.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 25, inclusive, are unknown to Plaintiff at this time. Plaintiff sues those defendants by such fictitious names pursuant to Code of Civil Procedure section 474 and will amend this complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is negligently or otherwise legally responsible for the events and happenings referred to in this complaint, and negligently or otherwise unlawfully caused the injuries and damages to Plaintiff alleged in this complaint.

9. At all times mentioned in this complaint, unless otherwise alleged, each defendant was the agent, employee, or co-conspirator of every other defendant, and in doing the acts alleged in this complaint, was acting within the course, scope, and authority of that agency or employment, and in furtherance of the conspiracy and with the knowledge and consent of each of the other defendants.

10. Plaintiff is informed and believes that in undertaking the acts alleged herein, defendants and each of them were acting as employees, agents, representatives, co-venturers, and assignees of each of the others.

### III. FACTUAL ALLEGATIONS

11. On October 4, 2004 Prince of Peace Baptist Church ("Defendant") a majority of the members of the Church held a meeting for the purpose of electing Pastor Humphrey as their pastor. Pastor Humphrey was elected by "unanimous agreement" to the position of the Pastor of the Church and "given a lifetime tenure and decision making authority in all Church matters." The Church resolution gave Pastor Humphrey "absolute authority to appoint and/or remove officers." The Church agreed to life time appointment of Pastor Humphrey with powers to "obligate" the church; "sign" papers on behalf of the church;

"execute and deliver instruments" on behalf of the Church. See Exhibit 1 attached to Complaint.

12. The Church pursuant to a motion by Robert Richardson and seconded by Wiley McDermortt, Jr, "resolved upon unanimous consent of the Church body" that the resolution was a "binding contract upon the church" and was "irrevocable."

13. On October 8, 2004 the Church wrote Pastor Humphrey informing him that following a "bona fide meeting" of the Church "membership" held on October 4, 2004 he had been given "a life call as Pastor and that the financial package was also accepted." The financial package offered to Pastor Humphrey and accepted by him totaled $85,710.00. According to the Church financial package of October 4, 2004 would be upwardly reviewed "semi-annually and annually" and did not include "love gifts and anniversary gifts." See Exhibit 2 attached to Complaint.

14. Following his appointment and the commencement of his pastorship, Pastor Humphrey began a dedicated and spirited pastoring of the Church. Pastor Humphrey increased the membership of the Church, its finances, installed a new choir, paid off past due debts of the church, instilled efficiency in the administrative Staff, on August 29, 2005 he even loaned the Church $9,000.00 of his own money.

15. As Pastor Humphrey was diligently building up the Church some members were intent on tearing him down. As recently as June 6, 2006 Elder Wiley McDermott Jr. Chairman of Deacons felt compelled to respond to the effort to sabotage Pastor Humphrey by writing that the Church was not "dissatisfied with the leadership of our Pastor, the Rev. Dr. Walter L. Humphrey" nor was the Church "interested in declaring the pulpit vacant or dismissing our pastor." The letter affirmed Pastor Humphrey's leadership declaring that the Church wanted everyone to "know that Pastor Humphrey has and is continuously doing everything he can spiritually and physically to lead..."

16. Despite the public affirmation of the leadership of Pastor Humphrey several

church members continued to conspire to frustrate his efforts to bring progress to the Church. Wanda Pruitt and Russell Neal Sr., and other disgruntled church members in an effort to malign the good name of Pastor Humphrey resorted to libelous and slanderous accusations.

23. Throughout his tenure, Pastor Humphrey had to endure a lot of hardship due to the inability of the Church to meet its financial obligation to him. His salaries were barely paid in 2004, 2005 and until his purported termination in late June, 2006, when in breach of its contractual obligation to Pastor Humphrey the pulpit was declared vacant.

## IV. CAUSES OF ACTION

**FIRST CAUSE OF ACTION FOR**
*(Breach of Contract)*

18. Complainant re-alleges and incorporates by reference as if fully set forth herein paragraphs 1 through 17 above.

19. On October 8, 2004, Pastor Humphrey entered into an employment agreement with Defendant.

20. Plaintiff Pastor Humphrey has at all times performed the terms of the contract.

21. Defendant, failed and refused, and continues to refuse, to tender performance as required by the contract in that:

    a. Defendant, failed and refused to pay Plaintiff Pastor Humphrey his earned wages, reimbursement of interest expenses paid by him at the behest and request of defendant;

    a. Defendant, refused to pay Pastor Humphrey his severance package which is payment of his monthly salary for 90days as is typical of severance paid to Pastors upon their involuntary departure from the Church.

22. Defendant failed and refused to perform its obligations under the employment contract and as a result damaged Plaintiff Pastor Humphrey in following manner: he was deprived of the benefit of his bargain. The extent of the economic harm several other damages incurred by Plaintiff Pastor Humphrey will be proven at the trial.

WHEREFORE, Complainant pray for judgement as set forth below.

## SECOND CAUSE OF ACTION
*(Breach of Covenant of Good Faith and Fair Dealing )*

23. Plaintiff Pastor Humphrey re-alleges and incorporates by reference as if fully set forth herein paragraphs 1 through 22 above.

24. The agreement contained an implied covenant of good faith and fair dealing by which Defendant promised to give full cooperation to complainant and their performance under the said contract and to refrain from doing any act which would prevent or impede Plaintiff Pastor Humphrey's enjoyment of the fruits of the said contract. Specifically, the said covenant of good faith and fair dealing required Defendant to fairly, honestly and reasonably perform the terms and conditions of the agreement.

25. Plaintiff Pastor Humphrey is informed and on that basis believes that Defendant, breached its contractual obligation to Plaintiff without good or sufficient cause, for reasons extraneous to the contract, and for the purpose of frustrating complainants' enjoyment of the benefits of the contract. Accordingly, Defendant breached its implied duty of good faith and fair dealing.

26. Further, Defendant breached this covenant with regard to complainant through its conduct in:

    a. by none payment of his earned wages and refusing to reimburse his out of pocket expense;

    b. terminating the agreement without cause, reason or justification;

27. As a result of defendant's violation of said implied covenant of good faith and fair dealing and its reprehensible and wilful conduct, complainant have suffered harm in:

    a. the destruction of complainants' valuable property interests in the income and wages earned by him;

    b. incurring of reasonable attorneys fees in his attempts to obtain the benefits due to him under the agreement with defendant;

c. substantial loss in earnings, compensation, and other benefits and cost incurred;

27. The primary motivation of Plaintiff Pastor Humphrey in making the above-stated contract was to obtain and/or secure an employment which would permit his spiritual growth and development.

28. Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively with the wrongful intention of injuring plaintiff. Furthermore, defendant, committed these acts for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff Pastor Humphrey's rights. Plaintiff is thus entitled to recover punitive damages in an amount according to proof.

### THIRD CAUSE OF ACTION
*(For Wrongful Termination)*

29. Plaintiff Pastor Humphrey, re-alleges and incorporates by reference as if fully set forth herein paragraphs 1 through 28 above.

30. Plaintiff Pastor Humphrey was terminated without justification.

31. In doing the acts described herein in *supra* and *infra*, Defendant, deprived Plaintiff of prospective career and employment opportunities, as well as other benefits.

32. Defendant, terminated Plaintiff's employment in breach of public policy.

33. As a proximate result of Defendant's actions against Plaintiff as alleged above, Plaintiff Pastor Humphrey has been harmed in that he suffered loss of wages, and benefits that he would have received but for the wrongful termination of his employment contract with Defendant.

34. Plaintiff is informed and believes, and on said information and belief alleges that the above recited actions of Defendant was done with malice, fraud, and oppression, and in reckless disregard of the Plaintiffs rights under California Law. As a result, Plaintiff is entitled to an award of punitive damages.

### FOURTH CAUSE OF ACTION

*(Violation of Labor Code Sections 206(a), 2802(a), 2926)*

35. Plaintiff Pastor Humphrey, re-alleges and incorporates by reference as if fully set forth herein paragraphs 1 through 34 above**.**

36. Plaintiff Pastor Humphrey claims that he is owed over two hundred thousand dollars in wages and for reimbursement, defendant concedes owing Plaintiff Pastor Humphrey the sum of $988.32, Despite this concession by defendant it has continued to refuse to pay Plaintiff the monies owed him that is not in dispute in violation of Labor Code Section 206 (a) which provides inter alia that "In case of a dispute over wages, the employer shall pay, without condition and within the time set by this article, all wages, or parts thereof, conceded by him to be due, leaving to the employee all remedies he might otherwise be entitled to as to any balance claimed."

37. Through out the time that Plaintiff Pastor Humphrey was employed by defendant he was asked to cover defendant's expenses from his own personal funds with the promise that he would be refunded all monies and expenses advanced by him on behalf of defendant. Despite repeated demands and the lack of dispute over these monies by defendant, it has refused to reimburse Plaintiff Pastor Humphrey for the Churches expenses he incurred on behalf of defendant, in complete violation of Labor Code Section 2802(a) which provides that "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

38. On June 7, 2006 defendant fired Plaintiff Pastor Humphrey despite several demands by Plaintiff Pastor Humphrey to be paid his outstanding wages, un-reimbursed company interest expenses, defendant has refused and/or neglected to pay Plaintiff Pastor Humphrey the owed wages in violation of Labor Code Section 2926 which provides that "An employee who is not employed for a specified term and who is dismissed by his

employer is entitled to compensation for services rendered up to the time of such dismissal."

39. As a proximate result of Defendant's actions against Plaintiff as alleged above, Plaintiff Pastor Humphrey has been harmed in that he suffered loss of salary, wages, and benefits that he would have received but for the wrongful termination of his employment contract with Defendant..

40. Plaintiff is informed and believes, and on said information and belief alleges that the above-recited actions of Defendant was done with malice, fraud, and oppression, and in reckless disregard of the Plaintiffs rights under California Law. As a result, Plaintiff is entitled to an award of penalty under Labor Code Sections 203, 208, 225.5, and treble damages pursuant to Labor Code Section 206(a).

## V. RELIEF

**WHEREFORE**, plaintiff demand judgment against Defendant, as follows:

1. That Plaintiff Pastor Humphrey receive costs and expenses incurred in this action;
2. That Plaintiff Pastor Humphrey receive such other additional relief as the court deems proper;
3. That Plaintiff receive treble damages under Labor Code Section 206(a);
4. That penalties be imposed against defendant under Labor Code Section 208, 225.5;
5. That Plaintiff receive indemnification of all expenditures incurred by him as a direct discharge of his duties pursuant to Labor Code Section 2802;
6. That Plaintiff receive reimbursement for Attorney fees and costs under Labor Code Section 218.5 and California Civil Code Section 1811.1;
7. That Plaintiff receive interest on all due and unpaid wages, under Labor Code Section 218.6;
8. That Plaintiff receive general damages in an amount to be proven at trial;
9. Interest on the amounts owed;
10. For other and further relief as the court may deem just and proper.

AMAMGBO & ASSOCIATES
7901 Oakport Street, Oakland, CA 94621
(510)615-6000   COMPLAINT FOR DAMAGES FINAL COPY.wpd

Page 10 of 11

1
2  Dated: April 11, 2007                              AMAMGBO & ASSOCIATES,
3                                                    APC
4
5
6
7
8                                                    _____
                                                     C. Donald Amamgbo, Esq.
9                                                    Daniel I. Etoh, Esq
                                                     Attorneys for Plaintiff Pastor Walter
10                                                   Humphrey
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28