C. DONALD AMAMGBO, ESQ. (SBN 164716)
ALIEU ISCANDARI, ESQ, (SBN 184307
DANIEL ETOH, ESQ. (SBN 236563)
NICK AGBO, ESQ (SBN 236523)
**AMAMGBO & ASSOCIATES**
A Professional Law Corporation
7901 Oakport Street, Suite
Oakland, CA 94621
Telephone:     (510) 615-6000
Facsimile:     (510) 615-6025
Email:         detoh@amamgbolaw.com

Attorneys for Plaintiff,
PASTOR WALTER HUMPHREY

WILLIAM E. WEISS (SBN 73108)
LAW OFFICES OF WILLIAM E. WEISS
130 Sutter Street, 7th Floor
San Francisco, California 94104
Telephone:     (415) 362-6765
Facsimile:     (415) 362-2405
Email:         weisslaw1@williameweiss.com
Attorneys for Defendant,
PRINCE OF PEACE BAPTIST CHURCH

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASTOR WALTER HUMPHREY<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PRINCE OF PEACE BAPTIST CHURCH, and DOES 1-25,<br><br>　　　　Defendants. | Case No. C 07-02790 WHA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER**<br><br>**Date:  September 20, 2007**<br>**Time: 11:00 a.m.**<br>**Place: Courtroom 9, 19th Floor**<br>**　　　 450 Golden Gate Avenue,**<br>**　　　 San Francisco, CA 94102**<br>**Judge: Hon. William Alsup** |

　　　　Pursuant to the Federal Rule of Civil Procedure 26(f) and Local Rules 16-8 and 16-9,

plaintiff PASTOR WALTER HUMPHREY ("Plaintiff") and defendant PRINCE OF PEACE

BAPTIST CHURCH ("Defendant") respectfully submit their Case Management Conference

Statement and Proposed Order and request the Court to adopt it as its Case Management Order in

1

this case.

## DESCRIPTION OF CASE

### 1. A brief description of the events underlying the action

*Plaintiff's Description*

Plaintiff commenced this action on May 29, 2007 by filing his complaint. Defendant through its erstwhile attorney Mr. Jasper L. Liggins filed a motion to dismiss or alternatively for transfer of venue. Defendant's motion to dismiss or alternatively for transfer of venue is currently fixed for October 18, 2007 at 8:00 a.m. On Friday September 14, 2007 during a meet and confer, defendant's present counsel Mr. William E. Weiss indicated that he intends to withdraw the said motion due to some defects as to form and re-file same.

Plaintiff, PASTOR WALTER HUMPHREY seek relief for damages for breach of contract, breach of covenant of good faith and fair dealing, wrongful termination, and Violation of Labor Code Sections 206(a), 2802(a), 2926 and complain and allege on information and belief as follows:

Plaintiff PASTOR HUMPHREY at all times relevant to this action is an individual who resides in Oakland, Alameda County, in the State of California.

Plaintiff PASTOR HUMPHREY at all times relevant to this action is an individual who resides in Oakland, Alameda County, in the State of California.

On October 4, 2004 Prince of Peace Baptist Church ("Defendant") a majority of the members of the Church held a meeting for the purpose of electing plaintiff as their pastor. Plaintiff was elected by "unanimous agreement" to the position of the Pastor of the Church and "given a lifetime tenure and decision making authority in all Church matters." The Church resolution gave plaintiff "absolute authority to appoint and/or remove officers." The Church agreed to lifetime appointment of plaintiff to "obligate" the church; "sign" papers on behalf of the church; "execute and deliver instruments" on behalf of the Church.

The Church pursuant to a motion by Robert Richardson and seconded by Wiley McDermortt, Jr., "resolved upon unanimous consent of the Church body" that the resolution was a "binding contract upon the church" and was "irrevocable."

2

On October 8, 2004 the Church wrote plaintiff a letter, which was forwarded to his address in Oakland, informing him that following a Abona fide meeting@of the Church Amembership@held on October 4, 2004 he had been given Aa life call as Pastor and that the financial package was also accepted.@ The financial package offered to plaintiff and accepted by him totaled $85,710.00. According to the Church financial package of October 4, 2004 would be upwardly reviewed Asemi-annually and annually@and did not include Alove gifts and anniversary gifts.@

Following his appointment and the commencement of his pastorship, plaintiff began a dedicated and spirited pastoring of the Church. Plaintiff increased the membership of the Church, its finances, installed a new choir, paid off past due debts of the church, instilled efficiency in the administrative Staff, on August 29, 2005 he even loaned the Church $9,000.00 of his own money.

As plaintiff was diligently building up the Church some members were intent on tearing him down. As recently as June 6, 2006 Elder Wiley McDermott Jr. Chairman of Deacons felt compelled to respond to the effort to sabotage Pastor Humphrey by writing that the Church was not Adissatisfied with the leadership of our Pastor, the Rev. Dr. Walter L. Humphrey@nor was the Church Ainterested in declaring the pulpit vacant or dismissing our pastor.@ The letter affirmed plaintiffs leadership declaring that the Church wanted everyone to Aknow that Pastor Humphrey has and is continuously doing everything he can spiritually and physically to lead...@

Despite the public affirmation of the leadership of plaintiff several church members continued to conspire to frustrate his efforts to bring progress to the Church. Wanda Pruitt and Russell Neal Sr., and other disgruntled church members in an effort to malign the good name of plaintiff resorted to libelous and slanderous accusations.

Throughout his tenure, plaintiff had to endure a lot of hardship due to the inability of the Church to meet its financial obligation to him. His salaries were barely paid in 2004, 2005 and until his purported termination in late June, 2006, when in breach of its contractual obligation to Pastor Humphrey the pulpit was declared vacant.

///

*Defendant=s Description*

Plaintiff was hired by defendant to pastor a church in Ohio. Apparently plaintiff knew a now deceased pastor of the church and applied for the job after his contact person passed away.

All the important meetings regarding his employment, including those he participated in took place in Ohio. When the position did not work out plaintiff was terminated and subsequently filed suit in California.

## 2. Principal Factual Issues In Dispute

*Plaintiff=s Position*

Until defendant files an answer to the complaint, plaintiff is not certain which of its factual contentions are in dispute and which will be admitted. Nevertheless, plaintiff expects that the following factual allegations may be the subject of dispute:

(1) Whether plaintiff was offer an employment as pastor of defendant church for life.

(2) Whether the termination of plaintiff=s employment as pastor of defendant=s church was in violation of his contractual agreement.

3) Whether plaintiff at all times has performed the terms of the contract between him and the defendant.

(4) Whether defendant failed and refused, to tender performance as required by the contract in it entered into with plaintiff.

(5) Whether defendant failed and refused to pay Plaintiff his earned wages, reimbursement of interest expenses paid by him at the behest and request of defendant;

*Defendant=s Position*

2 A.    All the conduct regarding the interviewing, hiring, and employment of plaintiff took place in Ohio.

2 B.    A question arises as to the meaning of the contract and whether the termination involves a breach of the contract.

2 C.    Whether plaintiff complied with the contract.

2.  D.    Whether plaintiff committed any financial improprieties.

**3. <u>The Principal Legal Issues Which the Parties Dispute</u>**

*<u>Plaintiff=s Position</u>*

Plaintiff believe the following constitute the principal disputed legal issues:

(1) Whether the termination of plaintiff=s employment as pastor of defendant=s church was in violation of his contractual agreement.

(2) Whether plaintiff at all times has performed the terms of the contract between him and the defendant.

(3) Whether defendant=s failure to pay Plaintiff the monies owed him that is not disputed by defendant constitutes a  violation of California Labor Code Section 206 (a).

(4) Whether defendant=s failure to reimburse plaintiff for expenses incurred on behalf of defendant during the period of his employment with defendant constitutes a violation of California Labor Code Section 2802(a).

(5) Whether defendant=s failure to pay plaintiff his earned and unpaid wages following his termination on June 7, 2006 is in violation of the California Labor Code Section 2926 which provides that AAn employee who is not employed for a specified term and who is dismissed by his employer is entitled to compensation for services rendered up to the time of such dismissal.@

(6) Whether plaintiff is entitled to penalty and treble damages pursuant to California Labor  Code sections 203, 208, 225.5, and treble damages pursuant to Labor Code Section 206(a).

*<u>Defendant=s Position</u>*

Currently the issues are improper venue and no jurisdiction. Others will relate to the terms and conditions of employment .

**4. <u>Motions</u>**

Defendant through its erstwhile attorney Mr. Jasper L. Liggins filed a motion to dismiss or alternatively for transfer of venue. Defendant=s motion to dismiss or alternatively for transfer

of venue is currently fixed for October 18, 2007 at 8:00 a.m. On Friday September 14, 2007 during a meet and confer, defendant≤s presently retained counsel Mr. William E. Weiss indicated that he intends to withdraw the said motion due to some defects as to form and re-file same.

### 5. <u>Amendment of Pleadings</u>

Defendant through its erstwhile attorney Mr. Jasper L. Liggins filed a motion to dismiss or alternatively for transfer of venue. Defendant≤s motion to dismiss or alternatively for transfer of venue is currently fixed for October 18, 2007 at 8:00 a.m. On Friday September 14, 2007 during a meet and confer, defendant≤s presently retained counsel Mr. William E. Weiss indicated that he intends to withdraw the said motion due to some defects as to form and re-file same.

At this time, plaintiff does not contemplate amending the pleadings to add any additional claims or additional parties, other than plaintiff≤s potential amendment to his complaint following the Court≤s ruling on defendant≤s motion to dismiss.

### 6. <u>Evidence Preservation</u>

The parties have agreed that they will preserve any relevant documents.

### 7. <u>Disclosures</u>

The parties have not been able to make any disclosures as at the time of filing this Case Management Conference statement because defendant before now, has not had a substantive counsel. Mr. Liggins who initially entered appearance for defendant, had an application for a Pro Hoc Vice pending, which was withdrawn on September 13, 2007. Defendant≤s current counsel only introduced himself to plaintiff≤s counsel on Friday September 14, 2007.

The parties have agreed that they will exchange initial disclosure after the initial case management conference set for September 20, 2007, and/or the hearing of the motion to dismiss.

### 8. <u>Discovery</u>

The parties have agreed that setting a discovery cut off date is premature, but that discovery should continue for at least 12 months from the date the court issues the Joint Management Statement Conference Order. The parties anticipate propounding written discovery, including documents requests, interrogatory requests, requests for admissions, as well as deposition discovery.

### 9. <u>Class Certification</u>

This is not a class action lawsuit.

### 10. <u>Related Cases</u>

There are none at this time.

### 11. <u>Relief</u>

#### <u>*Plaintiff=s Position*</u>

Plaintiff seeks the following relief:

That Plaintiff receive treble damages under Labor Code Section 206(a);That penalties be imposed against defendant  under Labor Code Section 208, 225.5; That Plaintiff receive indemnification of all expenditures incurred by him as a direct discharge of his duties pursuant to Labor Code Section 2802; That Plaintiff receive reimbursement for Attorney fees and costs under Labor Code Section 218.5 and California Civil Code Section 1811.1; That Plaintiff receive interest on all due and unpaid wages, under Labor Code Section 218.6; That Plaintiff receive general damages in an amount to be proven at trial; Interest on the amounts owed; For other and further relief as the court may deem just and proper.

#### <u>Defendants Position</u>

Defendant takes the position that plaintiff is not entitled to damages and seeks a dismissal of this action for lack of jurisdiction and improper venue.

### 12. <u>Alternative Dispute Resolution</u>

The parties have not been able to file a Notice of Need for ADR Conference because defendant before now, has not had a substantive counsel. Mr. Liggins who initially entered appearance for defendant, had an application for a Pro Hoc Vice pending, which was withdrawn on September 13, 2007. Defendant=s current counsel only introduced himself to plaintiff=s counsel on Friday September 14, 2007.

In addition the parties have not been able to agree on a method of ADR because defendant believes that whatever method of ADR to be agreed upon should await the out of its motion to dismiss.

///

### 13. **Consent to Magistrate Judge for All Purposes**

The parties could not agreed to a Magistrate Judge trying the case for all purposes as result of which the case was reassigned to this court by an Order dated September 11, 2007.

### 14. **Other References**

Inapplicable.

### 15. **Narrowing of Issues**

Parties agree that jurisdiction and venue are principal issues to be dealt with before proceeding to discussions on narrowing of the issues.

### 16. **Expedited Schedule**

The parties agree that this is premature, given that defendant intends to file a motion to dismiss as stated above. The parties have agreed to await the outcome of that motion.

### 17. **Scheduling**

The parties agree that this is premature, given that defendant intends to file a motion to dismiss as state above. The parties have agreed to await the outcome of that motion.

### 18. Trial

The parties have agreed to a jury trial, although defendant will be considering waiving a trial by jury **Trial.**

### 19. **Disclosure of Non-party Interested Entities or Persons**

The parties are not aware of any currently.

### 20. **Miscellaneous**

The parties have agreed and hereby requests the court postpone various disclosures pursuant to FRCP 26 until the motion to dismiss is decided.

DATED: September 17, 2007                 AMAMGBO & ASSOCIATES, APC


By_____/s/_____
       C. Donald Amamgbo, Esq
       Daniel Etoh, Esq
       Attorneys for Plaintiff,
       Pastor W. Humphrey

8

1                                 LAW OFFICES OF WILLIAM E. WEISS

By_____/s/_____
       William E. Weiss, Esq.
       Attorney for Defendant,
       Prince of Peace Baptist Church

**CASE MANAGEMENT ORDER**

      The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are order to comply with this Order.

      In addition the Court orders:

_____

_____

_____

_____

_____

      Plaintiffs are order to serve a copy of this order on any party subsequently joined in this action.

Date: _____         _____
                           WILLIAM H. ALSUP,
                           UNITED STATE S DISTRICT JUDGE

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER - Case No. C 07-02790 WHA**