WILLIAM E. WEISS (SBN 73108)
LAW OFFICES OF WILLIAM E. WEISS
130 Sutter Street, 7th Floor
San Francisco, California 94104
Telephone:   (415) 362-6765
Facsimile:    (415) 362-2405
Email:        weisslaw1@williameweiss.com

Attorneys for Defendant,
PRINCE OF PEACE BAPTIST CHURCH

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASTOR WALTER HUMPHREY<br><br>    Plaintiff,<br><br>vs.<br><br>PRINCE OF PEACE BAPTIST CHURCH, and DOES 1-25,<br><br>    Defendants. | Case No. C 07-02790 WHA<br><br>**DECLARATION OF RUSSELL NEAL, SR., IN SUPPORT OF MOTION OF DEFENDANT PRINCE OF PEACE BAPTIST CHURCH'S MOTION TO DISMISS** |

I, Russell Neal Sr., declare:

I am making this declaration for the purpose of supporting the motion to dismiss. I have personal knowledge of the facts stated herein and could and would competently testify thereto.

That I was a Deacon of the Prince of Peace Baptist Church at all relevant times concerning anything alleged in the complaint about the hiring, employment and termination of the plaintiff and still serve as a Deacon of this church. According to Article IX (2) the Constitution of this church a deacon is recognized as the pastor's assistant in all matters pertaining to the administration of the church's affairs. Deacons are added to the Board of Deacons upon recommendation of the pastor.

The plaintiff was a pastor residing in Oakland, California who was apparently acquainted with a member of defendant church, the late Rev. Dr. John Milton Burrell, who was a pastor at

the defendant church, but who did not have any authority to hire anyone or offer them employment. The Rev. Burrell told the defendant church members he wanted plaintiff to be the pastor and held a vote of the congregation without having the Deacons approve the hiring. There was not a majority vote of the congregation and The Rev. Burrell had the church clerk, Dolores Henderson, send a letter offering the job to plaintiff. (Ex. D to decl. of Russell Neal, Sr.) The hiring was accomplished by an election of the church membership, which was phrased in terms or being called as a pastor for life.

    The plaintiff did not give up his position at Mariah Church in Oakland, California and spent the majority of his time there.

    It was understood by defendant that if called as a pastor that plaintiff would move to Ohio and fulfill his obligations of leading the congregation. This absence posed a tremendous burden on the church because plaintiff was not available for funerals, marriage ceremonies, baptisms, personal pastoral counseling, weekly Bible study and prayer services, nor was he available to meet with different auxiliaries and provide pastoral leadership. Moreover, the defendant was a church without a pastor for approximately 40 weeks of the calendar year.

    The plaintiff appointed people to serve as administrative assistants and on a task force to handle matters while he was absent. This caused a great deal of controversy within the membership as members wanted to be led by a pastor and not administrative assistants or a task force. In notes of a meeting on this subject (Ex. C to decl of Russell Neal, Sr.) it was expressed that the pastor needs to demonstrate faith and to fulfill his calling. The distress reached the point where the Deacons of the defendant wrote a letter to the Progressive National Baptist Convention for help in establishing order within the defendant church. (Ex. D to decl. of Russell Neal, Sr.) The deacons also drafted a letter of April 28, 2006 to the membership of the church for consent to take action. (Ex. B to the decl. of Russell Neal, Sr.) Plaintiff's relationship with the church was terminated in late June 2006 amid a division of the church membership and legal action in Ohio resulting from plaintiff changing the locks on the church and taking other actions inimical to the church. This ultimately resulted in his termination, which caused such a division in our church, that members left the congregation. The church currently has about 200 members.

All the Deacons of our church reside in Akron, Ohio. Deacon Russell Neal, Jr., (your declarant's son) Deacon Sterling Shepard, Deacon Duane Grimes, Deacon Lewis Jefferson, Jr., and Deacon Gene McWain all took part in meetings about what to do about Mr. Humphrey's absence and appointment of other assistants to make decisions while he was absent. None of the Deacons, including myself, ever negotiated with the plaintiff over his position and none of us or any other church personnel ever traveled to California to talk with the plaintiff about the pastor position or anything else. None of us corresponded with the plaintiff in California or talked with him on the telephone while he was in California concerning his employment. All witnesses to anything that the plaintiff did here that was controversial or otherwise is in Akron, Ohio. According to our constitution, pastors must be hired through a pulpit committee elected by the church membership who is elected by the membership of the church. This was not done in Mr. Humphrey's case.

The church is located in Akron, Ohio.

A true and correct copy of the Prince of Peace Baptist Church constitution is attached hereto as Exhibit A and incorporated by reference.

A true and correct copy of a letter given to the membership of the church concerning the plaintiff's actions is attached hereto as Exhibit B and incorporated by reference. I signed this document.

A true and correct copy of the notes of a January 16, 2006 meeting concerning the plaintiff's actions is attached hereto as Exhibit C and incorporated by reference.

A true and correct copy of a letter sent to the Rev. Tyrone Pitts concerning the plaintiff's actions is attached hereto as Exhibit D and incorporated by reference. I signed this document.

A true and correct copy of a letter signed by the church clerk, Dolores Henderson, on October 8, 2004, purporting to hire the plaintiff is attached hereto as Exhibit E and incorporated by reference.

To force us to litigate a case in California would pose a financial hardship on the church and members as we did nothing concerning Mr. Humphrey's hiring or termination there and people would have to pay out of their own pockets to get there. Doing this on more than one

occasion would be even more burdensome to us all.

The entire matter concerning Mr. Humphrey's employment involves ecclesiastical subjects, as the pastor of our church must be an ordained Missionary Baptist Minister whose duties are to preach and teach the Word of God. By virtue of his office he is the overseer of the church for all interests of the church and all of its departments. Further, he is the church's teacher and shall direct the worship services, administer the ordinances, and perform all the duties incumbent on his office.

Mr. Humphrey's actions, the controversy they caused, the actions of the Deacons and church members all concerned his duties as a pastor and his ecclesiastical functions.

I declare under penalty of perjury pursuant to the laws of the United States of America and that this declaration was executed in Akron, Ohio on October 11, 2007.

_____/s/_____
Russell Neal Sr.

4
**DECLARATION OF RUSSELL NEAL, SR., IN SUPPORT OF MOTION OF DEFENDANT PRINCE OF PEACE BAPTIST CHURCH'S MOTION TO DISMISS - Case No. C 07-02790 WHA**