DOROTHY D. GUILLORY
Attorney at Law, CSBN 114891
1271 Washington Avenue, #380
San Leandro, CA 94577
(5l0) 639-2959
Fax: (5l0) 639-2961

Attorney for Plaintiff
PASTOR WALTER HUMPHREY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PASTOR WALTER HUMPHREY,                    Case No. C 07-02790 WHA

      Plaintiff,

v.                                         PLAINTIFF'S OPPOSITION TO
                                           DEFENDANT'S MOTION TO
                                           DISMISS

PRINCE OF PEACE BAPTIST CHURCH,

      Defendant.                          Date:   November 29, 2007
                                           Time:  8:00 a.m. .
_____/       Place: Courtroom 9, 19th Floor
                                           Hon. William H. Alsup

**I.**
**INTRODUCTION**

      Plaintiff opposes Defendant Prince of Peace's motion to dismiss this action

for the following reasons:

      A.      The Court has subject matter jurisdiction over this case
             based on diversity of citizenship, and the amount in
             controversy exceeds $75,000;

B.   The Court has personal jurisdiction over Prince of
     Peace Baptist Church based on California's long-arm
     statute and its minimum contacts with California;

C.   Venue is automatically established by virtue of the
     Court's personal jurisdiction;

D.   This Court is empowered to adjudicate disputes involving
     wages and property, regardless of whether a church is
     involved.

Pastor Humphrey is not asking the Court to decide ecclesiastical issues, only to

adjudicate his right to unpaid wages, unpaid loans and expenses which Defendant owes

to him under an agreement entered into in the State of California.

## II.
## ARGUMENT

**A.   THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS
CASE BECAUSE IT IS BETWEEN CITIZENS OF DIFFERENT STATES
AND THE AMOUNT IN CONTROVERSY IS OVER $75,000.00**

The present complaint states facts sufficient to establish subject matter

jurisdiction based on diversity.  Under FRCP 8(a)(1), Plaintiff's complaint must contain a

short and plain statement of the grounds upon which court jurisdiction depends.

Plaintiff's complaint recites at 3:6-7:

"This court has subject matter jurisdiction over this matter by reason
of diversity pursuant to 28 U.S.C. section 1332. . ."

The diversity jurisdiction statute (28 USC section 1332) gives the district court

original jurisdiction over civil actions between citizens of different states where the

matter in controversy is over $75,000.  Diversity jurisdiction exists to provide a "neutral"

Pl. Opp. Mot. To Dism., p. 2

1  forum in cases where one or more of the parties is a citizen of another state and to protect

2  against local prejudice in state courts.  *Asher v. Pacific Power & Light Co.* (ND CA

3  1965) 249 F. Supp. 671, 674.

4      **1.      Plaintiff and Defendant Are Citizens of Different States**

5      Plaintiff has the burden of pleading and proving diversity of citizenship.  *Bautista*

6  *v. Pan American Airlines* (9th Cir. 1987) 828 F.2d 546, 552.  To establish citizenship for

7

8  diversity purposes, a natural person must be a U.S. citizen and a domiciliary of one

9  particular state at the time the lawsuit is filed.  *Kantor v. Wellesley Galleries, Ltd.* (9th

10 Cir. 1983) 704 F.2d 1088, 1090.  Mere absence from a state does not affect domicile.

11

12 *Guitierrez v. Fox* (2nd Cir. 1998) 141 F.3d 425, 428.

13     Plaintiff's complaint recites at 3:14-16:

14     "4.  Plaintiff Pastor Humphrey at all times relevant to this action is an
15        individual who resides in Oakland, Alameda County, in the State of
         California. "
16
       Plaintiff's complaint recites at 3:18-19
17

18     "5.  Prince of Peace Baptist Church (hereinafter "Defendant") at all
       relevant times herein, were located at 844 Garth Avenue, Akron,
19     Ohio  44320."

20     The preponderance of evidence standard applies in establishing citizenship for

21
   diversity purposes.  *McCann v. Newman Trust* (3rd Cir. 2006) 458 F.3d 281, 290.    The
22
   affidavits presented to the Court on this issue indicates that Plaintiff is a citizen of the
23
   state of California (Humphrey Declr. 1:19-22) and Defendant is a citizen of Akron, Ohio.
24

25 Russell Neal, Sr. Declr.  3:12-13.

26
   Pl. Opp. Mot. To Dism., p. 3
27

28

1   The evidence establishes that Plaintiff and Defendant are U.S. citizens, and

2   citizens of different states.

3   **2.      The Amount in Controversy Exceeds $75,000.00**

4   In order for the Court to exercise diversity jurisdiction, the amount in controversy,

5
6   exclusive of interest and costs,  must exceed $75,000.  18 USC section l332(a); *Larkin v.*

7   *Brown* (8th Cir. 1994) 4l F.3d 387, 389.  Plaintiff has the burden of proof on the issue of

8   establishing a good faith expectation of recovering at least the minimum jurisdictional

9   amount.  *McNutt v. General Motors Acceptance Corp.*  (1936 ) 298 U.S. 178, 198.

10
11  The amount in controversy is determined by the amount of damages or value of

12  property which is the subject of the action.  *Hunt v. Washington State Apple Advertising*

13  (1977) 432 U.S. 333, 347; *Meisel v. Allstate Indemnity Co* (ED CA 2005) 357 F. Supp.

14  2d 11222, 1225.  The allegations or prayer of the complaint may set the amount in

15
16  controversy.   *St. Paul Mercury Indemnity Co. v. Red Cab Co* (1938) 303 U.S. 283, 289.

17  However, affidavits are admissible to establish the amount of damages or value of

18  property involved.  *National Union Fire Insurance of Pittsburgh, PA v. Wilkins-Lowe*

19  (7th Cir. 1994) 29 F.3d 337, 339; *Butler v. Pollard* (ED Oh 1979) 482 F. Supp. 847, 850.

20
21  Potential defenses to all or part of Plaintiff's claims do not operate to affect the

22  amount in controversy.  *Riggins v. Riggins* (9th Cir. 1969) 415 F.2d 1259, 1261-62.

23  Plaintiff's complaint recites at 3:7-8

24  ". . . and the amount in controversy exclusive of interest and costs is over
25  $10,000.

26

27  Pl. Opp. Mot. To Dism., p. 4

28

1    Defendant argues that the complaint only recites that the amount in controversy is

2    over $10,000. However, an amount over $10,000 can be an amount over $75,000 as well.

3    Further, Plaintiff's declaration recites that he is owed over $116,074.87 by Denfendant.

4    Humphrey Declr. 6:1-27, 7:1-3, 9-14.

5

6    Plaintiff has met the requirement of establishing that the amount in controversy is

7    over $116,074.87.  If the allegations of the complaint are deemed deficient, Plaintiff asks

8    leave of the Court to succinctly state the amount in controversy.

9    **B.    THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT
        BASED ON CALIFORNIA'S LONG-ARM STATUTE AND THE
10       MINIMUM CONTACTS DOCTRINE**

11        **1.    California's Long-Arm Statute Asserts Personal Jurisdiction**

12    The starting point in an analysis of personal jurisdiction begins with the forum

13    state's long-arm statute.  *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co. Ltd* (1987) 484

14    U.S. 97, 104-105; *Anestad v. Beech Aircraft Corp* (9th Cir. 1974) 521 F.2d 1298, 1300.

15    The court follows the statutory construction provided by the state's highest court.

16    *Kendall v. Overseas Develop. Corp*. (9th Cir. 1983) 700 F.2d 536, 538.

17    California has a long-arm statute permitting local courts to exercise jurisdiction

18    on any basis not inconsistent with the constitution of the state and of the United States.

19    CCP section 4l0.10; *MetroLife Ins. v. Robertson* (2nd Cir. 1996) 84 F.3d 560, 567.  The

20    Court need only look at whether the assertion of personal jurisdiction violates due

21    process.  *Rocke v. Canadian Auto Sport Club* (9th Cir. 1981) 660 F. 2d 395, 398. There

22    are no due process violations in asserting jurisdiction over Defendant.

23        **2.    Personal Jurisdiction Based on Minimum Contacts**

24    One of the traditional bases for personal jurisdiction is the nonresident's

25    minimum contacts with the forum state.  *Shaffer v. Heitner* (1977) 433 U.S. 186, 207.

26    This is the only basis for personal jurisdiction which Defendant challenged in its

27    Pl. Opp. Mot. To Dism., p. 5

28

1  motion to dismiss.

2  The minimum contacts of agents and employees are imputed to the employer

3  under principal/agency laws. *Ochoa v. J.B. Martins & Sons Farms Inc*. (9th Cir. 2002)

4  287 F.3d 1182, 1189; *Teledyne v. Kone* (9th Cir. 1989) 892 F.2d 1404, 1411.  The Court

5  looks at the contacts occurring prior to the events causing the litigation. *Farmer's v.*

6  *Portage* (9th Cir. 1990) 907 F.2d 911, 913.

7  Contracts negotiated by employees within the scope of employment may subject

8  the nonresident employer to local jurisdiction. *Ochoa*, supra. 287 F.3d at 1189; *Texas*

9  *Trading & Milling Corp. v. Fed. Rep. Nigeria* (2nd Cir. 1981) 647 F.2d 300, 314.

10  Personal jurisdiction is imputed if the actions of the principal/agent are ratified after the

11  fact. *Wessels, Arnold & Henderson v. National Med*. (8th Cir. 1995) 65 F.3d 1427, 1433.

12  Contracting parties who reach out beyond one state to create a continuing

13  relationship with obligations with citizens of another state may be subject to personal

14  jurisdiction. *Roth v. Garcia Marquez* (9th Cir. 1991) 942 F.2d 617, 623.

15  Under the Erie doctrine, a federal court exercising diversity jurisdiction in an

16  action based on state law applies the same rules that the state courts would apply to

17  substantive issues in the case. *Walker v. Armco Steel Corp*. (1980) 446 U.S. 740, 750.

18  The principal/agent relationship is determined by state law. *Ochoa,* Id at 1189.  Under

19  California law, and in the context of church disputes, an agent acting on behalf of the

20  principal can subject the principal to liability. *Malloy v. Fong (*1951) 37 Cal.2d 356,

21  372-73; *Stevens v. Roman Catholic Bishop of Fresno* (1975) 49 Cal.App.3d 877, 883.

22  Defendant's founding Pastor, Rev. Dr. John Milton Burrell, as principal

23  and agent for Defendant, came to California and stayed on two occasions for the purpose

24  of inducing Pastor Humphrey to take his place as Pastor of Defendant because he

25  (Burrell) was ill.  While staying in California, Rev. Dr. Burrell, in telephonic contact with

26  Russell Neal in Ohio and in personal contact with Pastor Humphrey, negotiated the terms

27

28

1   and conditions of the employment agreement and financial package with Pastor

2   Humphrey.  The employment agreement was formed in the State of California, based on

3   an offer communicated by Burrell and Neal directly to Humphrey, who was located in

4   California.  Humphrey Declr. 3:8-27, 4:2-21.  Burrell and Neal were the principals/agents

5   for Defendant at all times that they acted on behalf of the church in establishing

6   minimum contacts with California.

7        The by-laws and internal rules and regulations of religious organizations have

8   been held to be relevant to the existence of a principal-agent relationship between various

9   church bodies and religious workers.  *Malloy v. Fong,* supra., 37 Cal.2d at 367-368.

10        Russell Neal, Sr., one of Defendant's deacons, falsely contends that Defendant's

11   founding Pastor Burrell had no authority to hire Pastor Humphrey (Neal Declr. 2:1-2),

12   but the Church Constitution, appended as an exhibit (Document 25-3) to the Declaration

13   of Russell Neal, Sr. belies this assertion by its own terms.  The Church Constitution

14   specifically recites at page 4, Article IX (1)(a) that the Pastor is the overseer and

15   superintendent of all of the interests of this church and of all of its departments.   At page

16   5, Article IX (3)(b)  further recites that the trustees of the church are subject to the pastor

17   and deacons at all times in all matters and Article IX (2) recites that deacons are the

18   Pastor's assistants or helpers in the administration of church affairs, may be appointed

19   and/or dismissed by the pastor and are never to be considered a board with powers.

20        Further, the church ratified Pastor Burrell's actions after the fact by confirming

21   the employment agreement and financial package offered to Pastor Humphrey.

22   Humphrey Declr. 5:1-9, Exhibit C; Neal Declr.2:5-7.

23        Defamatory statements may subject a non-resident to the jurisdiction of another

24   state.  *Calder v. Jones* (1984) 465 US 783.   In his declaration, Pastor Humprhey asserts

25   that Neal and another member slandered him by calling members of Moriah in the State

26   of California, and that such slander caused some Moriah members to leave the church,

27   Pl. Opp. Mot. To Dism., p. 7

28

1   diminishing church revenue.  These actions are sufficient to subject Defendant to

2   personal jurisdiction since at the time Neal was acting in his capacity as Trustee, Deacon,

3   finance committee chair of the Church.

4          Under the principal/agency theory, it is evident that founding Pastor Burrell and

5   Neal established minimum contacts with California so as to subject Defendant to the

6   Court's personal jurisdiction.

7          **3.      Russell Neal, Sr. Has No Standing to Challenge Personal
                    Jurisdiction Or Venue On Behalf of Defendant**
8
9          Neal resigned his offices in the Church on February 6, 2006.  He has no authority

10  to act at the present time on behalf of Defendant.  Humphrey Declr. 7:4-8, Exhibit G.

11         By his own admission, Neal is just a deacon of Defendant.  Neal Declr. 1:21-25.

12   As such, he has no powers to act on behalf of the church.  The Church Constitution

13  specifically recites at page 5, Article IX (2) that deacons are the Pastor's assistants or

14  helpers in the administration of church affairs, may be appointed and/or dismissed by the

15  pastor and are never to be considered a board with powers.  Neal is not authorized to act

16  on behalf of the Church, and his declaration should be disregarded.  .

17
18         In sum, the Court may assert personal jurisdiction over Defendant based on

19  California's long-arm statute, and based on Defendant's minimum contacts with the

20  forum state.

21
22  **C.     VENUE IN A DIVERSITY CASE IS AUTOMATICALLY ESTABLISHED
            IF PERSONAL JURISDICTION IS ESTABLISHED**
23
24         Under 28 USC section 1391(a), venue is in a diversity case is automatically

25  established if personal jurisdiction is established, as set forth in Section B above.

26
    Pl. Opp. Mot. To Dism., p. 8
27
28

**D.    THIS COURT MAY ADJUDICATE CHURCH DISPUTES CONCERNING MONEY OR PROPERTY**

The church is not immune to government regulation of employment relationships. *Tony and Susan Alamo Foundation v. Secretary of Labor* (1985) 471 U.S. 290, 295-306. *Gargano v. Diocese of Rockville Center* (2nd Cir 1996) 80 F.3d 87, 90.

The court is empowered to resolve disputes over wages due and owing, even if such claims are by a minister against his former church. *Gipe v. Superior Court* (1982) 124 Cal.App.3d 617, 628-29.

Thus, despite Defendant's First Amendment argument, precedential cases establish that the District Court may adjudicate this dispute over wages and other compensation.

**E.    REQUEST FOR LEAVE TO AMEND**

Plaintiff's present counsel seeks leave of court to amend the present complaint to eliminate the wrongful termination action, add common counts (quantum meruit, quantum valebat) and a slander count to the breach of contract and California Labor Code violations, and to more succinctly assert citizenship as well as the amount in controversy.

**III.**
**CONCLUSION**

Defendant's motion to dismiss should be denied based on the fact that this court has subject matter and personal jurisdiction over Defendant, venue is proper in this district, and the Court is empowered to adjudicate this compensation dispute.

Dated:  November 13, 2007

*/s/ Dorothy D. Guillory*

_____
DOROTHY D. GUILLORY
Attorney for Pastor Walter Humphrey

Pl. Opp. Mot. To Dism., p. 9