WILLIAM E. WEISS (SBN 73108)
LAW OFFICES OF WILLIAM E. WEISS
130 Sutter Street, 7th Floor
San Francisco, California 94104
Telephone: (415) 362-6765
Facsimile: (415) 362-2405
Email: weisslaw1@williameweiss.com

Attorneys for Defendant,
PRINCE OF PEACE BAPTIST CHURCH

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASTOR WALTER HUMPHREY<br><br>    Plaintiff,<br><br>vs.<br><br>PRINCE OF PEACE BAPTIST CHURCH, and DOES 1-25,<br><br>    Defendants. | Case No. C 07-02790 WHA<br><br>**OBJECTIONS TO EVIDENCE BY DEFENDANT PRINCE OF PEACE BAPTIST CHURCH**<br><br>Date: November 29, 2007<br>Time: 8:00 a.m.<br>Place: Courtroom 9, 19th Floor<br>       450 Golden Gate Avenue,<br>       San Francisco, CA 94102<br>Judge: Hon. William Alsup |

    Defendant Prince of Peace Baptist Church makes the following objections to evidence offered by Plaintiff in his declaration:

    1. Page 2:2-19 (paragraphs 4-6.) Irrelevant.

    2. Page 2:20-22 (paragraph 7) Irrelevant, no foundation, improper authentication, hearsay to all the articles' contents.

    3. Page 2:23-25 (paragraph 8) Irrelevant, no foundation, improper authentication, hearsay as to all the contents.

    4. Page 3:8-18 (paragraph 10) Hearsay. Pastor Burrell was not authorized to speak for the Church.

    5. Page 3:19-27; page 4:1-4 (paragraph 11) Hearsay.

6. Page 4:5-21 (paragraph 12) Hearsay.

7. Page 5:1-10 (paragraph 14) Hearsay as to Exhibit C, improper authentication and no foundation. Plaintiff does not state he recognizes Ms. Henderson's signature or her handwriting on the handwritten minutes. Failure to lay a foundation or authenticate the church letter from Delores Henderson and the handwritten minutes and the copy of the Pastoral proposal for $85,710.

8. Page 5:11-24 (paragraph 15) Hearsay as to the contingent of the church leaving and the deacons exerting powers they did not have. (Lines 11-14); Hearsay-Lines 16-19 as to comments that people left the church in protest and the results of a vote (documents not provided by plaintiff) and as to comments that Mr. Neal (Does not differentiate between senior or junior) slandered plaintiff (lines 19-24). Irrelevant as to actions of Moriah Church and lack of authentication of foundation.

9. Page 5:25-27 (paragraph 16); page 6:1-6. Hearsay as to qualifying for a loan, Irrelevant as to purchase of car for $75,000 (!) and already having a car at Moriah.

10. Page 6:8-11 (paragraph 17) Hearsay and no foundation or authentication as to exhibit D.

11. Page 6:12-16 (paragraph 18) Improper authentication as to exhibit E. No foundation. Where are the documents that supply the basis for this summary?

12. Page 6:18-28 (paragraph 19) Hearsay as to alleged April 2006 document referred to as a "tally of the Pastor's unpaid compensation" signed by the treasurer and Finance committee members. Also no authentication of said "tally" and any signature contained therein. (Lines18-21): Hearsay- Lines 21-22- as to 80 people leaving the church after plaintiff was removed as pastor. Hearsay and no authentication as to exhibit F.

13. Page 7:6-8 (paragraph 20) Hearsay as to comments about Russell Neal Sr not being entitled to give a declaration on behalf of the church and hearsay and failure to authenticate exhibit G. Further, Ex G is irrelevant as it does not say what plaintiff claims. Plaintiff claims it states Russell Neal Sr. resigned his offices at the church. All Ex. G shows is that Mr. Neal resigned from the Finance committee.

///

14. Page 7:9-14. (Paragraph 21) Objection to the entire declaration and this paragraph as a sham pleading. The entire complaint stems from his claim that he was wrongfully terminated and that his termination also amounted to a breach of contract.

Declarations must lay a proper foundation, establishing the source of the supporting document and the validity of the signatures thereon. Local Rule 7-5(a)

The evidence submitted to the court must meet all requirements for admissibility of evidence. Local Rule 7-5(b); also see *Beyene v. Coleman Security Services* 854 F2d 1179, 1181 (9th Cir. 1988). In this motion, which is based on exhibits on both sides, the declarations must meet the requirements of FRCP 56(e) too.

Documentary evidence must be properly authenticated by having the declaration indicate personal knowledge of the declarant of a document's genuineness and execution. *Hal Roach Studio's, Inc. v. Richard Feiner & Co., Inc*. 896 F2d 1542, 1550-1551 (9th Cir. 1989); Also see *Beyene, supra* at p.1182: "A writing is not authenticated simply by attaching it to an affidavit…"

It is not enough that a declarant simply to state that he has personal knowledge of the facts stated. The declaration must contain certain facts showing the declarant's connection with the matters stated therein, establishing the source of his information. FRE 602; *United States v. Shumway* 199 F3d 1093, 1104 (9th Cir. 1989).

Hearsay includes an oral or written assertion as well as non-verbal conduct if intended as an assertion. FRE 801(a).

DATED: November 19, 2007                 LAW OFFICES OF WILLIAM E. WEISS


                                         By__/s/__William E. Weiss_____
                                            William E. Weiss
                                            Attorney for Defendant,
                                            Prince of Peace Baptist Church