1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND WALTER HUMPHREY, | No. C 07-02790 |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| PRINCE OF PEACE BAPTIST CHURCH, | |
| Defendant | |

### 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.   Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.   The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.   The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

1

1    2. DEFINITIONS

2        2.1    Party: any party to this action, including all of its officers, directors,

3    employees, consultants, retained experts, and outside counsel (and their support staff).

4        2.2    Disclosure or Discovery Material: all items or information, regardless of the

5    medium or manner generated, stored, or maintained (including, among other things, testimony,

6    transcripts, or tangible things) that are produced or generated in disclosures or responses to discover

7    in this matter.

8        2.3    "Confidential" Information or Items: information (regardless of how generate

9    stored or maintained) or tangible things that qualify for protection under standards developed under

10    F.R.Civ.P. 26(c).

11        2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items:

12    extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-

13    party would create a substantial risk of serious injury that could not be avoided by less restrictive

14    means.

15        2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a

16    Producing Party.

17        2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery

18    Material in this action.

19        2.7.    Designating Party: a Party or non-party that designates information or items

20    that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential

21    — Attorneys' Eyes Only."

22        2.8    Protected Material: any Disclosure or Discovery Material that is designated as

23    "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

24        2.9.    Outside Counsel: attorneys who are not employees of a Party but who are

25    retained to represent or advise a Party in this action.

26        2.10    House Counsel: attorneys who are employees of a Party.

27        2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as

28    their support staffs).

2

1          2.12    <u>Expert</u>: a person with specialized knowledge or experience in a matter

2 pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness

3 or as a consultant in this action and who is not a past or a current employee of a Party or of a

4 competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of

5 a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant

6 retained in connection with this litigation.

7          2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support

8 services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

9 organizing, storing, retrieving data in any form or medium; etc.) and their employees and

10 subcontractors.

11

12    3. <u>SCOPE</u>

13      The protections conferred by this Stipulation and Order cover not only Protected Material (as

14 defined above), but also any information copied or extracted therefrom, as well as all copies,

15 excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

16 parties or counsel to or in court or in other settings that might reveal Protected Material.

17

18    4. <u>DURATION</u>

19      Even after the termination of this litigation, the confidentiality obligations imposed by this Order

20 shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise

21 directs.

22

23    5. <u>DESIGNATING PROTECTED MATERIAL</u>

24          5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party

25 or non-party that designates information or items for protection under this Order must take care to

26 limit any such designation to specific material that qualifies under the appropriate standards. A

27 Designating Party must take care to designate for protection only those parts of material, documents,

28 items, or oral or written communications that qualify – so that other portions of the material,

3

1  documents, items, or communications for which protection is not warranted are not swept

2  unjustifiably within the ambit of this Order.

3  Mass, indiscriminate, or routinized designations are prohibited. Designations that are

4  shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

5  unnecessarily encumber or retard the case development process, or to impose unnecessary expenses

6  and burdens on other parties), expose the Designating Party to sanctions.

7  If it comes to a Party's or a non-party's attention that information or items that it

8  designated for protection do not qualify for protection at all, or do not qualify for the level of

9  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

10  withdrawing the mistaken designation.

11  5.2 Manner and Timing of Designations. Except as otherwise provided in this Order

12  (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material

13  that qualifies for protection under this Order must be clearly so designated before the material is

14  disclosed or produced.

15  Designation in conformity with this Order requires:

16  (a) for information in documentary form (apart from transcripts of deposition

17  or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"

18  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that

19  contains protected material. If only a portion or portions of the material on a page qualifies for

20  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

21  appropriate markings in the margins) and must specify, for each portion, the level of protection being

22  asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23  ONLY").

24  A Party or non-party that makes original documents or materials available for

25  inspection need not designate them for protection until after the inspecting Party has indicated which

26  material it would like copied and produced. During the inspection and before the designation, all of

27  the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

28  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

4

1    copied and produced, the Producing Party must determine which documents, or portions thereof,

2    qualify for protection under this Order, then, before producing the specified documents, the

3    Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

4    CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected

5    Material.  If only a portion or portions of the material on a page qualifies for protection, the

6    Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

7    markings in the margins) and must specify, for each portion, the level of protection being asserted

8    (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

9                    (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,

10   that the Party or non-party offering or sponsoring the testimony identify on the record, before the

11   close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any

12   portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13   ONLY."   When it is impractical to identify separately each portion of testimony that is entitled to

14   protection, and when it appears that substantial portions of the testimony may qualify for protection,

15   the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before

16   the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific

17   portions of the testimony as to which protection is sought and to specify the level of protection being

18   asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

19   Only those portions of the testimony that are appropriately designated for protection within the 20

20   days shall be covered by the provisions of this Stipulated Protective Order.

21                    Transcript pages containing Protected Material must be separately bound by

22   the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

23   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-

24   party offering or sponsoring the witness or presenting the testimony.

25                    (c) <u>for information produced in some form other than documentary, and for</u>

26   <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the

27   container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

28   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   If only portions of the information

5

1  or item warrant protection, the Producing Party, to the extent practicable, shall identify the protecte

2  portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys'

3  Eyes Only."

4          5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

5  designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes

6  Only" does not, standing alone, waive the Designating Party's right to secure protection under this

7  Order for such material. If material is appropriately designated as "Confidential" or "Highly

8  Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,

9  on timely notification of the designation, must make reasonable efforts to assure that the material is

10  treated in accordance with the provisions of this Order.

11

12      6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

13          6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's

14  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

15  economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive i

16  right to challenge a confidentiality designation by electing not to mount a challenge promptly after th

17  original designation is disclosed.

18          6.2 <u>Meet and Confer.</u> A Party that elects to initiate a challenge to a Designating

19  Party's confidentiality designation must do so in good faith and must begin the process by conferring

20  directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel fo

21  the Designating Party. In conferring, the challenging Party must explain the basis for its belief that

22  the confidentiality designation was not proper and must give the Designating Party an opportunity to

23  review the designated material, to reconsider the circumstances, and, if no change in designation is

24  offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next

25  stage of the challenge process only if it has engaged in this meet and confer process first.

26

27          6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality

28  designation after considering the justification offered by the Designating Party may file and serve a

1  motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that

2  identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion

3  must be accompanied by a competent declaration that affirms that the movant has complied with the

4  meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity

5  the justification for the confidentiality designation that was given by the Designating Party in the meet

6  and confer dialogue.

7         The burden of persuasion in any such challenge proceeding shall be on the Designating

8  Party. Until the court rules on the challenge, all parties shall continue to afford the material in

9  question the level of protection to which it is entitled under the Producing Party's designation.

11     7. ACCESS TO AND USE OF PROTECTED MATERIAL

12         7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed

13  or produced by another Party or by a non-party in connection with this case only for prosecuting,

14  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

15  the categories of persons and under the conditions described in this Order. When the litigation has

16  been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

17  DISPOSITION).

18         Protected Material must be stored and maintained by a Receiving Party at a location

19  and in a secure manner that ensures that access is limited to the persons authorized under this Order.

20         7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

21  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose

22  any information or item designated CONFIDENTIAL only to:

23         (a) the Receiving Party's Outside Counsel of record in this action, as well as

24  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

25  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

26  hereto as Exhibit A;

27         (b) the officers, directors, and employees (including House Counsel) of the

28  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

7