1  the "Agreement to Be Bound by Protective Order" (Exhibit A);

2  (c) experts (as defined in this Order) of the Receiving Party to whom
3  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be
4  Bound by Protective Order" (Exhibit A);

5  (d) the Court and its personnel;

6  (e) court reporters, their staffs, and professional vendors to whom disclosure
7  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
8  Protective Order" (Exhibit A);

9  (f) during their depositions, witnesses in the action to whom disclosure is
10 reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"
11 (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal
12 Protected Material must be separately bound by the court reporter and may not be disclosed to
13 anyone except as permitted under this Stipulated Protective Order.

14 (g) the author of the document or the original source of the information.

15 7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>
16 <u>Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the
17 Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY
18 CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

19 (a) the Receiving Party's Outside Counsel of record in this action, as well as
20 employees of said Counsel to whom it is reasonably necessary to disclose the information for this
21 litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached
22 hereto as Exhibit A;

23 [(b) – *Optional – as deemed appropriate in case-specific circumstances*:
24 House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making or i
25 patent prosecutions involving _____ [specify subject matter areas], (2) to whom
26 disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be
27 Bound by Protective Order" (Exhibit A);

28 (c) Experts (as defined in this Order) (1) to whom disclosure is reasonably

1  necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"
2  (Exhibit A), [*Optional*: and (3) as to whom the procedures set forth in paragraph 7.4, below, have
3  been followed];
4        (d) the Court and its personnel;
5        (e) court reporters, their staffs, and professional vendors to whom disclosure i
6  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
7  Protective Order" (Exhibit A); and
8        (f) the author of the document or the original source of the information.
9  [ *Optional*: 7.4 Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –
10 ATTORNEYS' EYES ONLY" Information or Items to "Experts"
11       (a) Unless otherwise ordered by the court or agreed in writing by the
12 Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any
13 information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
14 ONLY" first must make a written request to the Designating Party that (1) identifies the specific
15 HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the
16 Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary
17 residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current
18 employer(s), (5) identifies each person or entity from whom the Expert has received compensation fc
19 work in his or her areas of expertise or to whom the expert has provided professional services at any
20 time during the preceding five years, and (6) identifies (by name and number of the case, filing date,
21 and location of court) any litigation in connection with which the Expert has provided any
22 professional services during the preceding five years.
23       (b) A Party that makes a request and provides the information specified in the
24 preceding paragraph may disclose the subject Protected Material to the identified Expert unless,
25 within seven court days of delivering the request, the Party receives a written objection from the
26 Designating Party. Any such objection must set forth in detail the grounds on which it is based.
27       (c) A Party that receives a timely written objection must meet and confer with
28 the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to

protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned

1 or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,
2 compilations, summaries or other forms of reproducing or capturing any of the Protected Material.
3 Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,
4 motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such
5 materials contain Protected Material. Any such archival copies that contain or constitute Protected
6 Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

8    12. MISCELLANEOUS
9       12.1  Right to Further Relief. Nothing in this Order abridges the right of any person
10 to seek its modification by the Court in the future.
11       12.2  Right to Assert Other Objections. By stipulating to the entry of this Protective
12 Order no Party waives any right it otherwise would have to object to disclosing or producing any
13 information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no
14 Party waives any right to object on any ground to use in evidence of any of the material covered by
15 this Protective Order.

17 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
18 DATED: 7/20/08 _____
                           Attorneys for Plaintiff
20 DATED: 7/22/08 _____
                           Attorneys for Defendant

22 PURSUANT TO STIPULATION, IT IS SO ORDERED.
23 DATED: _____
                           [name of judge]
                           United States District/Magistrate Judge

or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

    12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 7/20/08      _____
                               Attorneys for Plaintiff

DATED: 7/22/08      _____
                               Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____     _____
                               [name of judge]
                               United States District/Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
               [printed name]

Signature: _____
            [signature]