WILLIAM E. WEISS (SBN 73108)
LAW OFFICES OF WILLIAM E. WEISS
130 Sutter Street, 7th Floor
San Francisco, California 94104
Telephone:   (415) 362-6765
Facsimile:    (415) 362-2405

Attorney for Defendant,
*PRINCE OF PEACE BAPTIST CHURCH*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND WALTER HUMPHREY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PRINCE OF PEACE BAPTIST CHURCH,<br><br>　　　　Defendant. | Case No. C 07-02790<br><br>**DEFENDANT PRINCE OF PEACE BAPTIST CHURCH'S MOTION IN LIMINE NUMBER ONE**<br><br>TRAL DATE:      September 22, 2008<br>TRIAL TIME:      7:30 a.m.<br>DEPARTMENT   Courtroom 9, on 19th fl. |

　　　　This is a case essentially for breach of contract wherein plaintiff says he was not fully paid wages owed and various expenses for travel, educational seminars and religious conferences by the defendant Prince of Peace Baptist Church, which is located in Akron, Ohio.

　　　　Defendant takes the position that it owes plaintiff nothing more than he was already paid as he was hired to work full time but soon after his hiring he returned to Oakland, California to work as a pastor there. He showed up in Ohio from time to time and was eventually dismissed.

　　　　Defendant sought, via a request for production, various documents that prove plaintiff's claims. Out of 27 requests plaintiff promised to supply documents or failed to supply documents stating defendant already has them on requests 2, 4, 5, 7, 8, 9, 11, 14, 24, 25, and 27.

　　　　Defendant requests that the court grant an order excluding any supplemental documents in evidence that plaintiff tries to produce at trial that were previously not produced and further

_____1_____
**DEFENDANT PRINCE OF PEACE BAPTIST CHURCH'S MOTION IN LIMINE NUMBER ONE**

that excludes defendant from introducing documents that he says defendant already has but that he failed to produce.

**POINTS AND AUTHORITIES**

The court's SUPPLEMENTAL ORDER TO ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE IN CIVIL CASES BEFORE JUDGE WILLIAM ALSUP states in paragraph 13 as follows: "In responding to requests for documents and materials under FRCP 34, all parties shall *affirmatively state* in a written response the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of *all* locations at which such materials might plausibly exist. It is not sufficient to state that "responsive" materials will be or have been produced. Such a response leaves open the distinct possibility that the other responsive materials have not been produced."

Paragraph 16 states: " Except for good cause, no item shall be received as case in chief evidence if the proponent has failed to produce it in response to a reasonable and proper discovery request covering the item, regardless of whether any discovery motion was made. A burden or overbreadth or similar objection shall not be a valid reason for withholding requested materials actually known to counsel or a party representative responsible for the conduct of the litigation."

**REQUESTS IN ISSUE AND RESPONSES**

Request #2 seeks: Any and all documents evidencing plaintiff's claim that he has incurred $115,904.40 in travel, educational, and professional development expenses, including but not limited to bills, invoices, checks, receipts, credit card statements, airline tickets, bank account statements, deposit receipts and documents evidencing payment of said expenses by plaintiff.

**DEFENDANT PRINCE OF PEACE BAPTIST CHURCH'S MOTION IN LIMINE NUMBER ONE**

The response was " Under plaintiff's financial package, he can only claim $13,100 per year in such expenses, for a maximum of $39,300 for the years 2004-2006. Plaintiff has already produced the following documents: Installation services expenses tally, September 20-26, 2005; copy of Shari Humphrey's Providian credit card statement.

Plaintiff will supplement this response after making a diligent search for other documents substantiating his travel, educational and professional development expenses."

Nothing further has been produced and the documents produced. The court is asked to exclude all such documents including those produced as one is a summary which purports to describe what should be produced and the other is also irrelevant as it is a bill for something plaintiff's wife charged at a department store.

Request #4 seeks: Any and all documents evidencing plaintiff's claim that defendant owes him $44,171.00 in wages for 2005, including but not limited to timesheets and payroll forms, if any.

The response states: "Plaintiff already produced the following documents to defendant: 2005 1099 sent to Rev. Humphrey by Prince of Peace showing $10,040 paid in compensation; pastor's unpaid compensation tally for 2005 signed by Wiley McDermott, Ludora Milbry, Robert Thomas, dated 4/9/06.

As soon as the Internal Revenue Service makes a determination on the second, contested 1099 which Prince of Peace submitted to Rev. Humphrey, plaintiff will also produce the results of that contest."

When will that be? Sometime after the trial? Plaintiff should be prevented from introducing any such evidence.

Request #5 seeks: Any and all documents evidencing plaintiff's claim that defendant owes him $4,199.73 in wages for 2006, including but not limited to timesheets and payroll forms, if any.

Case 3:07-cv-02790-WHA    Document 51    Filed 08/18/2008    Page 4 of 7

The response is: "Defendant owes plaintiff more than $4,199.00 in wages for 2006. Plaintiff already produced the following documents to defendant: 2006 1099 sent to Rev. Humphrey showing $1730 paid; pastor's unpaid compensation tally for 2005 signed by Wiley McDermott, Ludora Milbry, Robert Thomas, dated 4/9/06; compensation for Pastor Walter Humphrey Tally showing $30,142.73 owed for 2006; As soon as the Internal Revenue Service makes a determination on the second, contested 1099 which Prince of Peace submitted to Rev. Humphrey, plaintiff will also produce the results of that contest."

When will that be? Sometime after the trial? Plaintiff should be prevented from introducing any such evidence. All we get is plaintiff's own creative "tally" without the supporting evidence.

Request #7 seeks: Any and all documents evidencing plaintiff's claim that defendant failed to return $1,000.00 of the alleged $120,000.00 loan, including but not limited to invoices, and bank account statements and deposit receipts.

Plaintiff's response is: The requested documents are in the possession of defendant. Plaintiff has asked defendant to produce bank statements for Prince of Peace's general and maintenance account and transfer of the funds remaining into Prince of Peace's general account.

The bottom line? Nothing has been produced. Plaintiff made claims in his verified complaint and as it turns out he has no proof.

Request #8 seeks: Any and all documents evidencing plaintiff's claim that he incurred $8,404.14 in installation service travel-related expenses, including but not limited to invoices, bills, checks, receipts, bank account statements and deposit receipts, and credit card statements for the period plaintiff served as Pastor to defendant church and any documents evidencing payment of said expenses by plaintiff.

The response is" Plaintiff has already produced the following documents to defendant: Installation services expenses tally, September 20-26, 2005; copy of Shari Humphrey's

---
4
**DEFENDANT PRINCE OF PEACE BAPTIST CHURCH'S MOTION IN LIMINE NUMBER ONE**

Providian credit card statement. *Plaintiff will supplement his production to include copies of canceled checks evidencing these payments.

These canceled checks have never been produced.

Request #9 seeks: Any and all documents evidencing plaintiff's claim that he loaned defendant $9,000.00, including but not limited to invoices, canceled checks, wore transfer documents and bank deposits and receipts.

The response was: Plaintiff has already produced the following documents to defendant: Copy of 5/28/05 Wells Fargo Wire Transfer Services Outgoing Wire Transfer request to First Merit bank, account 04200555, 0050055136.; 8/29/05 notarized statement signed by deacons Richerson, McWain, Shephard and Geneva Hill certifying that Rev. Humphrey loaned (sic) 7/10/06 facsimile from Geneva Hill.

Plaintiff has also asked defendant to produce First Merit Statements for the general and maintenance accounts and canceled checks on these accounts which would show the $9,000 deposit and how it was used.

Plaintiff produced nothing and if he made the loan shouldn't he have the documentation?

Request #11 seeks: Any and all documents evidencing plaintiff's claim that he took out a $75,000.00 automobile loan in order to purchase a car, including but not limited to the automobile loan documents, lease applications; the automobile loan application, bank account statements and deposit receipts, title to said vehicle, copies of any leases applicable to this vehicle.

The response is: Plaintiff objects to producing the requested documents to the extent that the request includes information protected by privacy and information unlikely to lead to admissible evidence. Without waiving that objection, plaintiff responds that he will supplement his document production to include documents showing the loan obligation, down payment on the loan and monthly payments.

**DEFENDANT PRINCE OF PEACE BAPTIST CHURCH'S MOTION IN LIMINE NUMBER ONE**

These documents have never been produced.

Request #14 seeks: All calendars, schedules or any other writing documenting plaintiff's travel and appointment schedules for the years 2004-2007 inclusive.

The response was: Plaintiff objects to producing any such documents for the year 2007 on grounds of relevancy and privacy. Plaintiff is making a diligent effort to determine whether he has still has (sic) still has the requested documents in his possession and will supplement this response to so indicate.

Nothing was ever produced.

Request #24 seeks: any and all documents evidencing the source of the $9000 transferred into defendant's bank account including but not limited to bank statements, loan applications, mortgages, canceled checks, property appraisals, deeds of trust, wire transfer documents, deposit receipts, letters or e-mails.

The response was: Plaintiff has already produced the following documents to defendant: Copy of 5/28/05 Wells Fargo Wire Transfer Services Outgoing Wire Transfer request to First Merit Bank, account 04200555, 0050055136; 8/29/05 notarized statement signed by deacons Richerson, McWain, Shephard and Geneva Hill certifying that Rev. Humphrey loaned (sic) 7/10/06 facsimile from Geneva Hill.

Plaintiff has also asked defendant to produce First Merit Statements for the general and maintenance accounts and canceled checks on these accounts which would show the $9,000 deposit and how it was used.

Plaintiff produced nothing and if he made the loan shouldn't he have the documentation?

Request #25 seeks: Copies of any and all licenses you hold including but not limited to driver's license from any state, professional licenses related to any work as a member of the clergy of any religion; any business licenses for the years 200 to the present.

**DEFENDANT PRINCE OF PEACE BAPTIST CHURCH'S MOTION IN LIMINE NUMBER ONE**

1  The response was: Plaintiff is conducting a diligent search for the requested documents
2  and will supplement this response to produce those documents as soon as possible.
3  Nothing was ever produced.
4  Request #27 seeks: Plaintiff has already produced such documents but will conduct a
5  diligent search for additional documents and will supplement this request to produce those
6  documents if such documents exist. Plaintiff reserves the right to supplement this response and
7  production before the trial of this matter.
8  Nothing was supplemented and plaintiff does not specify what documents he did produce
9  to plaintiff that are compliant with this request. All such documents should be excluded.

Date:  August 12, 2008                    LAW OFFICES OF WILLIAM E. WEISS


                                          By:    /s/      WILLIAM E. WEISS
                                                 William E. Weiss
                                                 Attorney for Defendant
                                                 *PRINCE OF PEACE BAPTIST CHURCH*