WILLIAM E. WEISS (SBN 73108)
LAW OFFICES OF WILLIAM E. WEISS
130 Sutter Street, 7th Floor
San Francisco, California 94104
Telephone:	(415) 362-6765
Facsimile:	(415) 362-2405

Attorney for Defendant,
*PRINCE OF PEACE BAPTIST CHURCH*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND WALTER HUMPHREY,<br><br>    Plaintiff,<br><br>vs.<br><br>PRINCE OF PEACE BAPTIST CHURCH,<br><br>    Defendant. | Case No. C 07-02790 WHA<br><br>**DEFENDANT PRINCE OF PEACE BAPTIST CHURCH'S REPLY BRIEF TO OPPOSITION TO MOTION IN LIMINE THREE**<br><br>TRAL DATE:	September 22, 2008<br>TRIAL TIME:	7:30 a.m.<br>DEPARTMENT	Courtroom 9, on 19th fl. |

    Defendant moved to exclude statements from the Pastor Burrell as he is deceased and such statements are hearsay.

    Plaintiff's opposition is mainly a diatribe against the defendant but he does mention FRE 804 (b)(2) as one exception. This is the dying declaration exception, which generally allows a statement of a dying person regarding the cause and circumstances of his death if made under a sense of impending death. Based on plaintiff's rant and statements in the pretrial statement that is not an issue here. Plaintiff wants to admit whatever statements he thinks are convenient without any way to challenge them. Rule 804(b)(2) does not make admissible any and all statements made under a declarant's belief of imminent death. The statement must relate to the cause and

---

1

**DEFENDANT PRINCE OF PEACE BAPTIST CHURCH'S REPLY BRIEF TO OPPOSITION TO MOTION IN LIMINE THREE**

circumstances of the declarant's received imminent death. *United States v. Fernandez* 892 f2d 976, 983, fn. 5 (11th Cir. 1989) -declarant's statement not admitted where not addressed to circumstances of death.

Plaintiff wants to use all kinds of statements of this deceased person to support his claim for venue, jurisdiction, terms and conditions of employment and to argue that he did tell defendant that he was only going to work part time. The statements should be excluded. Plaintiff also seeks to employ the exception of statements against interest pursuant to FRE 804(b)(3). This rule allows a hearsay statement if the statement was sufficiently against the declarant's pecuniary, proprietary or penal interest that a reasonable person would not have made unless he believed it to be true.

First of all, if one is to believe plaintiff's statements in the complaint, the opposition to the motion to dismiss, or the pretrial statement, Pastor Burrell was very friendly to him and wanted him to work at defendant church as a co-pastor and then to replace him when he retired or died. There are no perceived statements against declarant's interest under these circumstances. Further, each of the elements of this exception (declarant unavailable and statement sufficiently against the declarant's interest.) raises a preliminary fact issue that must be resolved by the court before the hearsay can be received in evidence (FRE 104) and it must be established that the statements satisfy the general reliability standard. *McClung v. Wal-Mart Stores, Inc*. 270 F3rd 1007, 1015 (6th Cir. 2001).

Nowhere in plaintiff's opposition does he meet any of these criteria. He doesn't state under penalty of perjury what the statements he wants to offer are or how they are subject to the exceptions he cites. We are treated instead to a general argument about what the statements might be.

Further, if, as plaintiff represents-without proof as usual-that Pastor Burrell was so sick from cancer that he died shortly after making the alleged statements, then one must question whether Pastor Burrell was too infirm to know what he was saying and consequently the statements have not been proved reliable.

Any way one cuts it the statements should be excluded. They are hearsay and to allow

2

**DEFENDANT PRINCE OF PEACE BAPTIST CHURCH'S REPLY BRIEF TO OPPOSITION TO MOTION IN LIMINE THREE**

1  them is prejudicial to defendant. It is hard to cross-examine someone who is deceased.

2  Date: September 2, 2008                    LAW OFFICES OF WILLIAM E. WEISS

                                  By:     /s/         WILLIAM E. WEISS
                                          William E. Weiss
                                          Attorney for Defendant
                                          *PRINCE OF PEACE BAPTIST CHURCH*

---
3

**DEFENDANT PRINCE OF PEACE BAPTIST CHURCH'S REPLY BRIEF TO OPPOSITION TO MOTION IN LIMINE THREE**