DOROTHY D. GUILLORY
Attorney at Law, CSBN 114891
1271 Washington Avenue, #380
San Leandro, CA 94577
(510) 639-2959
Fax: (510) 639-2961

Attorney for Plaintiff
REVEREND WALTER HUMPHREY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND WALTER HUMPHREY, | Case No.: C-07-02790 |
| Plaintiff, | |
| vs. | PLAINTIFF'S OBJECTIONS TO LATE-DISCLOSED WITNESSES |
| PRINCE OF PEACE BAPTIST CHURCH, | Date: September 8, 2008 |
| | Time: 2:00 p.m. |
| Defendant. | Place: Courtroom 9, 19th Floor |
| | Hon. William Alsup |

**I.**
**INTRODUCTION**

On August 26, 2008, while providing input to a draft of the Joint Pre-Trial Conference Order, defense counsel, Mr. Weiss, disclosed for the first time that he would be calling seven (7) witnesses whom he previously had not disclosed in the trial in this case.

These surprise witnesses include Rev. Humphrey's ex-wife, Claudia Humphrey, and her friends and allies, Wanda Pruitt, Chris Williams, Steven Porter, Eileen Hardware

Pl. Obj. Late-Disclosed Witnesses, p. 1

and Keisha Bishop. Rev. Humphrey was involved in a nasty divorce and child custody dispute with his former wife, Claudia Humphrey, who made false accusations against him in connection with the divorce and custody battle. With the exception of Mia Medlin, these witnesses are still allied with Claudia Humphrey, the ex-wife. They know nothing about the wage dispute with Prince of Peace; and the only reason why defense counsel wants to call them is to attempt to besmirch Rev. Humphrey's character. Rev. Humphrey has been happily remarried to his present wife for approximately 5 years.

Mia Medlin is a current member of Moriah, and she has indicated to Rev. Humphrey that she doesn't know why she was listed as a defense witness in this case, since she knows nothing about the wage dispute between Rev. Humphrey and Prince of Peace.

Defendant's attempt to inject these witnesses into this case at the last minute is the very reason why FRCP Rule 26 exists, and demonstrates a gross contempt for this rule.

Plaintiff asks the Court to exclude these seven (7) witnesses.

## II.
## ARGUMENT

FRCP Rule 26(a)(1)(A) mandates that a party discloses in its initial disclosures the name, address, and phone number of each individual likely to have discoverable information relevant to disputed facts alleged in the pleading, identifying the subjects of the information. The very reason for this rule is to prevent surprise and allow the parties sufficient time to conduct discovery and depose, if necessary, relevant witnesses.

Defendant's initial disclosures, served on Plaintiff's counsel on September 28, 2007, did not include these seven witnesses. Defendant filed its Initial Disclosures as

Pl. Obj. Late-Disclosed Witnesses, p. 2

Docket No. 59.  Defendant did not supplement its Initial Disclosures to include the seven (7) witnesses, although it had an opportunity to do so.  Plaintiff has been prejudiced by not having an opportunity to question Defendants about these witnesses and depose the witnesses, if necessary.

Masquerading these witnesses as so-called impeachment witnesses does not suffice. Defendant does not even state what testimony or evidence the witnesses are supposed to impeach.

### III.
### CONCLUSION

The FRCP Rule 26(a)(1)(A) has been violated, and the witnesses should be excluded.

Dated:  September 5, 2008

*/s/ Dorothy D. Guillory*

_____

DOROTHY D. GUILLORY

Attorney for Plaintiff Rev. Walter Humphrey

Pl. Obj. Late-Disclosed Witnesses, p. 3