DOROTHY D. GUILLORY, ESQ. (SBN 114891)
1271 Washington Ave #380
San Leandro, CA 94577
Telephone:   (510) 639-2959
Facsimile:   (510) 639-2961

Attorney for Plaintiff,
*Pastor Walter Humphrey*

WILLIAM E. WEISS (SBN 73108)
LAW OFFICES OF WILLIAM E. WEISS
130 Sutter Street, 7th Floor
San Francisco, California 94104
Telephone:   (415) 362-6765
Facsimile:   (415) 362-2405

Attorney for Defendant,
*PRINCE OF PEACE BAPTIST CHURCH*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REVEREND WALTER HUMPHREY, </br></br>    Plaintiff, </br></br> vs. </br></br> PRINCE OF PEACE BAPTIST CHURCH, </br></br>    Defendant. | Case No. C 07-02790 WHA </br></br> **JOINT PRETRIAL CONFERENCE STATEMENT** </br></br> **DATE:**  September 8, 2008 </br> **TIME:**  2:00 p.m. </br> **PLACE:** Courtroom 9, on 19th fl. |

**I.   BRIEF DESCRIPTION OF THE SUBSTANCE OF CLAIMS AND DEFENSES DEFENDANT'S CONTENTIONS**

Defendant Prince of Peace contends that plaintiff fraudulently represented that he would work full time as Pastor of defendant church which is located in Akron, Ohio. This is evidenced by a ceremony here in the Bay Area where he was the honoree at a going away celebration; told people he was going to move to Ohio and that he would be replaced by another pastor and by remarks he made at his installation in Ohio.

---
1

**JOINT PRETRIAL CONFERENCE STATEMENT**

It turns out that plaintiff was mainly interested in using defendant's bank accounts to move money back and forth and enhance his career. He spent little time in Ohio which was meant he could not officiate at weddings, funerals, visit parishioners in the hospital, render pastoral counseling to parishioners; take part in prayer meetings or take part in other church functions.

During his stint in Ohio he did manage to wire $100,000 from his former church (gained in a property sale) into the maintenance account of defendant for the purpose of making it creditworthy such that it could obtain credit.

The maintenance account was used to pay him and provide for other expenses of living. This is a way of avoiding income tax liability as paying a pastor's "expenses" is not considered a taxable event. He used $25,000 of this money to purchase a $75,000 Range Rover, which he had shipped to Ohio at the cost of $2000. He then sent the vehicle back to Caklifornia where he drives it today. He allegedly wired the remaining $75,000 back to the church in the Bay Area. That church's name is Moriah Christian Fellowship. He moved other money back and forth and made other "loans" to defendant church.

Currently he seeks payment of wages and other expenses. Defendant contends it does not owe any more wages than it paid him as he was absent for a good deal of the time. Further plaintiff has failed to document any of the expenses he has claimed, promising in discover to provide such proof later. Since he has not done that defendant filed motions in limine to exclude such evidence.

Defendant was sued in California to further inconvenience it and to cause it to settle because of the costs of defending the case in California. Plaintiff's entire basis for venue here is based on alleged conversations with Pastor Burrell who is now deceased.

II.    **STATEMENT OF RELIEF SOUGHT**

Defendant seeks judgment of dismissal.

III.    **ALL STIPULATED FACTS**

Defendant objects to items a, b, c, d, e, f, g, h, I (sic), (sic) j, k.

Plaintiff was hired as pastor by defendant church to start in September, 2005.

2

**JOINT PRETRIAL CONFERENCE STATEMENT**

Plaintiff wired $100,000 of money belonging to Moriah Christian Fellowship into defendant's maintenance account which plaintiff controlled.

Plaintiff used $25,000 of this money to buy a vehicle in California.

Plaintiff moved the remaining $75,000 to an account unknown.

Plaintiff did not show up for work for 40 out of the first 52 weeks of employment.

Plaintiff charged defendant for paying the expenses of people who traveled to his installation without authorization.

Plaintiff told people at Moriah Christian Fellowship church that he was moving to Ohio and would be replaced by a new pastor.

Plaintiff said at his installation in Ohio that he was going to be there full time.

Plaintiff was removed as Pastor in October 2006.

### IV.  LIST ALL FACTUAL ISSUES WHICH REMAIN TO BE TRIED

1. The terms and conditions of plaintiff's employment.
2. Whether plaintiff fulfilled the terms of his contract.
3. Whether plaintiff used the defendant's maintenance account for proper purposes.
4. The amount of money owed to plaintiff if any
5. Whether plaintiff represented that he would work in Ohio full time.
6. What plaintiff was doing when he was supposed to be in Ohio working.
7. The source of money plaintiff allegedly loaned to defendant.
8. Representations plaintiff made to people at Moriah about the position he took at defendant church.
9. Representations plaintiff made to people at defendant church about his tenure there.

### V.  EACH PARTIES' WITNESSES TO BE CALLED FOR ITS CASE IN CHIEF

1. Russell Neal Sr.- He will be called to dispute the contention that plaintiff was only going to work part time, the type and purpose of church bank accounts, the accounting relevant to all checks written by defendant to plaintiff and checks signed by defendant, explanation of other church documents regarding plaintiff's employment and church procedure including church

**JOINT PRETRIAL CONFERENCE STATEMENT**

constitution and founding documents, corporate documents and to recount statements plaintiff made, conduct of plaintiff while present in Ohio.

2. Russell Neal Jr.- Same as Russell Neal Jr. plus authenticating documents and impeachment evidence conversations of the Deacons regarding plaintiff's employment, contact with governing body concerning disputes with plaintiff.

3. Wanda Pruitt-She will testify about comments plaintiff made about his full time employment in Ohio, loans he allegedly made to defendant and other conduct supporting the claims that plaintiff made suspicious financial transactions with Moriah Christian Fellowship's money. She will also testify about plaintiff's expenses for his installation. She may also provide impeachment evidence.

4. Pastor Chris Williams-He will be called to testify about plaintiff's employment with Moriah and other churches plus statements plaintiff made about his employment and various financial transactions.

5. Eileen Hardware: She will testify about statements plaintiff made concerning his employment in Ohio and in California plus what he said were the terms and conditions of his employment. She may serve as an impeachment witness as well.

6. Pastor Claudia Humphrey-She will be called to testify about plaintiff's convictions for domestic violence and questionable financial transactions he made.

7. Steven Porter: He was head of the Deacon Board at Moriah church and on the finance committee. He is expected to testify about the deed of trust for property at 1537 34th Street, the re-financing of the property at 34th and San Pablo Streets and plaintiff's use of money obtained there from. He can also testify about plaintiff's statements about his employment in Ohio and in California.

8. Mia Medlin: She was on the finance committee at Moriah and can testify about plaintiff's use of money at Moriah.

9. Keisha Bishop: She is expected to testify that she signed a note for monies to plaintiff's retirement. The conditions of the note were that plaintiff would leave the church if this witness and others signed the note so he could have the money from the sale of the White Oak Grove

**JOINT PRETRIAL CONFERENCE STATEMENT**

property for his retirement and in recognition of what he did for the church. He did not retire and in fact came back to the church as senior pastor.

**VI.    JOINT EXHIBIT LIST**

Attached hereto as Exhibit A.

**VI.    LEGAL ISSUES**

1. Whether plaintiff breached his contract with defendant.

2. Whether plaintiff is entitled to any damages.

3. Whether plaintiff committed fraud in the negotiation and performance of his contract with defendant.

4. Whether this case is properly venued in the Northern District of California.

5. Whether defendant had sufficient contacts with this forum to allow this case to be brought in this forum.

DATED:  August 26, 2008                LAW OFFICES OF WILLIAM E. WEISS


By: _____
      Dorothy Davis Guillory, Esq.
      Attorney for Plaintiff
      *REVEREND WALTER HUMPHREY*


DATED:  August 26, 2008                LAW OFFICES OF WILLIAM E. WEISS


By: _____
      William E. Weiss
      Attorney for Defendant
      *PRINCE OF PEACE BAPTIST CHURCH*


It is so ordered

DATED:

_____5_____
**JOINT PRETRIAL CONFERENCE STATEMENT**

1  _____
2  WILLIAM H. ALSUP,
   Judge of the United States District Court
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_____6_____
**JOINT PRETRIAL CONFERENCE STATEMENT**