DOROTHY D. GUILLORY
Attorney at Law, CSBN 114891
1271 Washington Avenue, #380
San Leandro, CA 94577
(510) 639-2959
Fax: (510) 639-2961

Attorney for Plaintiff
REVEREND WALTER HUMPHREY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND WALTER HUMPHREY, | Case No.: C-07-02790 |
| Plaintiff, | |
| vs. | PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS |
| PRINCE OF PEACE BAPTIST CHURCH, | Date: September 8, 2008 |
| Defendant. | Time: 2:00 p.m. |
| | Place: Courtroom 9, 19th Floor |
| | Hon. William Alsup |

# I.
# INTRODUCTION

Defendant seeks to introduce into evidence in this matter documents bearing on ecclesiastical issues, and a purported "accounting audit" prepared by an unqualified bookkeeper in January, 2008 during this litigation for the sole purpose of contradicting Prince of Peace's own tallies and 1099s issued to Rev. Humphrey in 2004, 2005 and 2006. The 1099s memorialize the fact that Prince of Peace failed to pay Rev. Humphrey wages. Plaintiff objects to these exhibits

Pl. Obj. Def. Ex., p. 1

on the following grounds.

| Description of Exhibit | Grounds for Objection |
| --- | --- |
| **Def. Exhibit No. 178** | Objection Withdrawn |
| **Def. Exhibit No. 179**<br><br>4/18/06 Memo from Prince of Peace to membership re vacancy of pulpit. | FRE, Rule 401. Exhibits 179-183 attempt to introduce irrelevant ecclesiastical issues into this case. |
| **Def. Exhibit No. 180**<br><br>6/27/06 Minutes re church dissension<br><br>**Def. Exhibit No. 181**<br>6/27/06 Vote of Part of Church<br><br>**Def. Exhibit No. 182**<br><br>Deacons' Position<br><br>**Def. Exhibit 183**<br><br>Undated memo to Prince of Peace Re vacancy in pulpit | The Court has jurisdiction over this wage and compensation dispute by virtue of its power to determine wages which are due and owing, without deciding ecclesiastical issues. *Tony and Susan Alamo Foundation v. Secretary of Labor* (1985) 471 U.S. 290, 295-306. *Gargano v. Diocese of Rockville Center* (2nd Cir 1996) 80 F.3d 87, 90. *Gipe v. Superior Court* (1982) 124 Cal.App.3d 617, 628-29.<br><br>Defendant has already stipulated to the fact that the church terminated Rev. Humphrey's employment in October, 2006, so the only remaining issues are whether wages and compensation are owed by Prince of Peace, and if so, the amount. We need not concern ourselves with issues concerning the warring factions in the church and those in favor of or against Rev. Humphrey's religious doctrine and pastoral management style.<br><br>Plaintiff further objects under FRE 403, in that even if the documents were relevant, the infusion of these ecclesiastical issues would be confusing and too time consuming for the jury. |

Pl. Obj. Def. Ex., p. 2

| Description of Exhibit | Grounds for Objection |
|---|---|
| **Exhibit No. 184**<br>Title: Annual Summary and Transmittal of U.S. Information Returns<br>Filed by: Prince of Peace Baptist Church<br>Total amount reported: $163,990.98<br><br>**Exhibit No. 185**<br>Title: Annual Summary and Transmittal of U.S. Information Returns<br>Filed by: Prince of Peace Baptist Church<br>Total amount reported: $51,892.95 | FRE Rules 801, 901.  See below.<br><br>Exhibits 184-185 are part of a purported "accounting audit" prepared by a so-called bookkeeper in January, 2008, during this litigation, and 2-4 years after Prince of Peace issued 1099s to Rev. Humphrey.<br><br>These modified documents were never submitted to the IRS. |
| **Def. Exhibit Nos. 186 - 208**<br><br>Date: January 28, 2008<br>From Debra L. Turner (CEO First Choice Bookkeeping) To: Russel Neal Sr. (Prince of Peace Baptist Church"<br>Re: Accounting audit for years 2004, 2005 2006 | FRE Rule 801(Hearsay), 90l (lacks foundation.<br>This so-called Accounting Audit, prepared, not by an accountant, but by some person calling herself a bookkeeper, was generated during this litigation just before the mediation was held in this case.<br><br>The report, made up 2-4 years after Prince of Peace issued 1099s to Rev. Humphrey (See Stipulated Exhibits 024, 027) attempts to contradict Prince of Peace's own 1099s which clearly show that Rev. Humphrey was not paid the promised compensation, and church financial documents showing unpaid compensation.<br><br>Plaintiff's counsel attempted to contact this third-pary bookkeeper, but Defendant's counsel stated that she was a member of Prince of Peace and that she felt threatened by the contact.<br><br>The bookkeeper is not appearing at trial and Defendants are attempting to pass the purported "accounting audit" off as a business record exception to the hearsay rule, and as an accounting expert's record. |

Pl. Obj. Def. Ex., p. 3

| **Description of Exhibit** | **Grounds for Objection** |
|---|---|
| Def. Exhibits 184-208 (Continued) | Plaintiff asserts that this report is hearsay because it does not qualify under the business records exception to the hearsay Rule 803(6). Rule 803(6) does not require that the sponsoring witness be the maker of the documents, as long as the sponsoring witness can satisfy all the foundational requirements of the rule. See Weinstein's Federal Evidence, supra, § 803.11[1], at 803-61 to 803-64; 2 Kenneth S. Broun et al., McCormick On Evidence § 292 (John William Strong ed., 4th ed. 1992); United States v. Parker, 749 F.2d 628, 633 (11th Cir. 1984). But a custodian who has simply collected a document from a third party and who has no personal knowledge of the circumstances under which those documents were prepared is not qualified to give the necessary foundational testimony. See Weinstein's Federal Evidence, supra, § 803.11[4], at 803-70 ("The person to whom information is offered cannot qualify . . . [if] he or she does not have personal knowledge of the underlying event."). NLRB v. First Termite Control Co., 646 F.2d 424, 427 (9th Cir. 1981)<br><br>The report was not made contemporaneously with recorded events in 2004, 2005 or 2006, but was manufactured during the litigation for the litigation. It was not customary for Prince of Peace to conduct audits of only the Pastor's finances. The document cannot be admitted for its truth simply because the church collected the record from a third bookkeeper, retained it and supposedly is going to testify that it relied on it in modifying its previously issued 1099s to Rev. Humphrey 3-4 years after the 1099s were issued. |

| Description of Exhibit | Grounds for Objection |
|---|---|
| Def. Exhibits 184-208 (Continued) | Even if particular records otherwise satisfy all the foundational requirements of the rule, the records must be excluded if the "source of information or the method or circumstances of the preparation [of the records] indicate lack of trustworthiness." Cameron v. Otto Bock Orthopedic Indus., Inc., 43 F.3d 14, 16-17 (1st Cir. 1994); Kolmes v. World Fibers Corp., 107 F.3d 1534 (Fed. Cir. 1997). |
| | The so-called accounting audit of only Rev. Humphrey's pastoral maintenance account at Prince of Peace was manufactured in January, 2008, right before the mediation of this case. It was manufactured during this litigation for this litigation in an attempt to contradict Prince of Peace's previously issued 1099s and Unpaid Wages tallies. As such, the report is both unreliable and untrustworthy. |

## II.
## CONCLUSION

For the reasons set forth above, Plaintiff asks the Court to exclude Defendant's exhibits 178-183, and 184-208.

Dated: September 5, 2008

*/s/ Dorothy D. Guillory*

_____

DOROTHY D. GUILLORY
Attorney for Plaintiff Rev. Walter Humphrey

Pl. Obj. Def. Ex., p. 5