IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PASTOR WALTER HUMPHREY,

    Plaintiff,

  v.

PRINCE OF PEACE BAPTIST CHURCH, and DOES 1–25,

    Defendants.

No. C 07-02790 WHA

**FINAL PRETRIAL ORDER**

**FOR GOOD CAUSE** and after a final pretrial conference, the Court issues the following final pretrial order:

1. This case shall go to a **JURY TRIAL** on **SEPTEMBER 22, 2008**, at **7:30 A.M.**, and shall continue until completed on the schedule discussed at the conference. The issues to be tried shall be those set forth in the joint proposed pretrial order except to the extent modified by order *in limine*. This final pretrial order supersedes all the complaint, answer and any counterclaims, cross-claims or third-party complaints, *i.e.*, only the issues expressly identified for trial remain in the case.

2. Except for good cause, each party is limited to the witnesses and exhibits disclosed in the joint proposed final pretrial order less any excluded or limited by an order *in limine*. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

3. The stipulations of facts set forth in the joint proposed final pretrial order are approved and binding on all parties.

4. A jury of **EIGHT PERSONS** shall be used.

5. Each side shall have **SIX HOURS** to examine witnesses (counting direct examination, cross-examination, re-direct examination, re-cross examination, etc.). Opening statements and closing arguments shall not count against the limit.

6. The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial Conference*, separately provided and available on the Internet at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

7. *Defendant's third motion in limine:*

    (a) *Denied*, without prejudice to renew the objections at trial on a question-by-question basis. The statements alleged to be hearsay may be admissible for purposes other than to prove the matters asserted therein.

    (b) Defendant has withdrawn motions *in limine* 1 and 2.

*Plaintiff's objections to late disclosed witnesses:*

    (a) Claudia Humphrey: Objection *withdrawn*.

    (b) Wanda Pruitt: *Denied* (as presented), but the witness is permitted to testify only for true impeachment purposes.

    (c) Chris Williams: *Denied* (as presented), but the witness is permitted to testify only for true impeachment purposes.

    (d) Steven Porter: *Denied* (as presented), but the witness is permitted to testify only for true impeachment purposes.

    (e) Eileen Hardware: Objection *withdrawn*.

    (f) Keisha Bishop: *Denied* (as presented), but the witness is permitted to testify only for true impeachment purposes.

*Plaintiff's objections to exhibits:*

    (a)    Defendant's Exhibits Nos. 178–183: Plaintiff's objections based on FRE 401 and 403 are *denied*. The exhibits will not be categorically excluded, because they pertain to issues potentially relevant to this case.

    (b)    Defendant's Exhibits Nos.186–208: Plaintiff's objections based on FRE 801 and 901 are *denied*. However, in order to introduce the exhibits, *defendant must* provide a proper foundation for the materials therein, by (i) presenting the bookkeeper who prepared the audit, and (ii) presenting the checks and materials necessary to provide a proper foundation.

**IT IS SO ORDERED.**

Dated: September 10, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE